## J. L. CALHOUN *v.* MARGARET CALHOUN.

1. CONTRACT: CONSIDERATION.—The surrender by the creditor of his claim against a decedent's estate to one of the distributees, is a sufficient consideration for a note or bond executed by such distributee to the creditor.

2. SAME: SAME: PROOF OF FAILURE OF CONSIDERATION: CASE IN JUDGMENT.— Where a note or bond was executed in consideration of the surrender by the payee or obligee of a claim held by him against a deceased person's estate, in which the payer or obligor was interested as distributee, it is necessary, in order to make out the defence of a failure or want of consideration, that the payer or obligor should show that the claim so surrendered was invalid.

3. EVIDENCE: PAROL EVIDENCE OF CONTENTS OF WRITING: CASE IN JUDGMENT.— Parol proof of a settlement which was reduced to writing, to the extent of noticing the persons to whom claims embraced in the settlement were due, and the amount thereof, may be made without accounting for the absence of the writing.

ERROR to the Circuit Court of Yallabusha county.   Hon. William Cothran, judge.

The substance of the pleadings and evidence is fully stated in the opinion of the court.   The defendant objected to the introduction of the testimony of Harper and Thompson, in relation to the settlement, unless proof was made of the loss and destruction of the writing.   This objection was overruled, and defendant excepted. This action of the court, and the overruling of the motion for a new trial, are assigned for error in this court.

*J. Z. George,* for plaintiff in error.

*Aldridge* and *Gollady,* for defendant in error.

SMITH, C. J., delivered the opinion of the court.
This was an action to recover the amount of a bill single.   The

jury having found a verdict for the defendant, the plaintiff entered his motion for a new trial, which was overruled. Whereupon, he excepted, and prosecuted this writ of error.

The exception mainly relied on is, that the verdict was not authorized by the evidence; and hence, that the court erred in refusing to grant a new trial.

The defence in the court below was based on the ground, that there was entire failure or want of consideration in the instrument sued on. To prove this fact, the testimony of Mrs. Calhoun and two other witnesses was offered.

Mrs. Calhoun testified that the day she executed the bond, the plaintiff came to her house, and told her that he had paid claims against the estate of her husband to the amount of the bond, to which she replied, that she had nothing to do with the business; that he should go to Judge Fisher or Major Harper, who had settled with the creditors of her late husband, being, at the time, sick in bed and "hardly able to talk." That the plaintiff told her that the claims he held were acquired by him subsequently to the settlement by Fisher, Harper, and others; and that, finally, she made the bond, and plaintiff gave her up the claims he held; that she made the bond for the purpose of paying the plaintiff "for the claims against her husband's estate, which he had paid or assumed."

J. N. Harper testified, that he, with Gen. Wall, Judge Fisher, and Major Thompson, had made a settlement with the creditors of the estate of defendant's late husband; that the plaintiff was present at such settlement; that witness did not know that the claims for which the bond in suit was given, were included in that settlement; that the settlement was made in writing, to the extent that the names of the creditors were put down, with the amount due set opposite to their names, and a balance struck; that the account, or settlement, could not be called an account current; and that the plaintiff was asked if the settlement included all of his demands against the deceased's estate, and he said that it did.

J. W. Thompson stated that he was present at the settlement referred to by preceding witness; that the settlement was in writing; the names of the creditors were put down, and, perhaps, the amount due them; but he thinks no balance was struck; that the plaintiff

was asked if the settlement included all his demands against the deceased's estate, and he replied that "it did."

The above was all the evidence for the defence; and no witness was called for the plaintiff. There was consequently no conflict of testimony. Giving, therefore, to the defendant's evidence its fullest effect, and allowing for every inference which the jury were authorized to draw from the facts established, the question to be determined is, whether there was evidence sufficient to sustain the verdict.

It appears from the defendant's own testimony, that when she made and delivered the bond, the plaintiff gave her up claims which he then held against her deceased husband's estate. The delivery of these claims to the defendant was, unquestionably, a sufficient consideration for the bond. Hence, to make good the defence of want of consideration, or failure of consideration, it was indispensable to prove, either that the claims delivered to the defendant were utterly invalid, or that they had been included in the settlement referred to by the witness, and were, hence, no longer subsisting demands against the deceased's estate. But it seems clear that the evidence does not amount to proof of either of these facts.

It is not shown by the evidence, either directly or inferentially, that the demands or claims of all the creditors of the deceased's estate were included in the settlement. Hence, the claims, for aught that appears on the record, which is said to be consideration of the bond, may have been assigned to the plaintiff by some creditor of the estate, whose demands were not embraced in the settlement. Nor is it proved that the claims, in payment of which the bond was given, were held by the plaintiff when the settlement was made, and by that settlement were arranged or paid off. On the contrary, the statement of the plaintiff, which was evidence in the cause, and not having been disproved, is to be taken as true, shows distinctly that the claims in question were acquired by him subsequently to the settlement. Having become possessed of these claims after the settlement was made, it would be absurd to insist that they were acted on as his property, and arranged in the settlement. The non-production of these claims by the party presumed to have them in possession, and her failure, in any way, to identify them, are circumstances well calculated to cast suspicion upon the

defence, and tend very strongly to prove the truth of the plàintiff's statement. Upon the whole, we think the evidence insufficient to sustain the verdict; and hence, that there was error in refusing a new trial.

There is another exception to the judgment, which, as we reverse for the error above pointed out, we pass with the single remark, that, in our opinion, it is not well taken.