## John Hanway *v.* James Robertshaw *et ux.*

1. PARTNERSHIP—DEATH OF ONE OF THE FIRM—ITS EFFECT UPON THE ASSETS.—. Upon the dissolution of a firm, by the death of one of its members, the credits and personal effects vest; by operation of law, in the survivors, and under judgment against them, the effects of the firm may be sold. The real estate preserves its distinct qualities and descends to the heir, who holds in common with the survivors in trust for the purposes of the partnership, first, for the creditors, and second for the members of the firm and their representatives. The law is incompetent to administer this trust in favor of creditors. Complete redress can only be meted out in chancery.

2. SAME.—Where a widow of a deceased partner executes her promissory note for a partnership debt, she is not liable on the note, not being a member of the firm.

Appeal from the chancery court of Washington county, Hon. E. STAFFORD, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*Phelps, Huggins & Skinner*, for appellants:

1. The bill alleges that complainant released his right of action at law under mistake and surprise, and asks that such release and taking of the note and insufficient security be set aside and he remitted to his original claim. The relief can only be had in chancery. 1 Story Eq. Jur., §§ 134, 135, 147, 155. A court of equity thus obtaining jurisdiction will proceed to grant the relief sought. Ib., § 64; Hunt v. Knox, 34 Miss., 655.

2. The defendant, Thomas Greary, is shown by the bill to be a non-resident of the State, and to have lands and tenements within the State, and for this reason the jurisdiction is in chancery, by the statute. Rev. Code of 1871, §§ 1039, 1040; 3 S. & M., 641; Scruggs v. Blair, 44 Miss., 406. The bill shows that the lands and tenements are equitable assets of the partnership, and as such may be proceeded againt in chancery. Scruggs v. Blair, 44 Miss., 406.

3. If the court decides that we would be entitled to the allotment and sale of the dower interest of Mary Hanway,

then, as an entire demurrer, it must be overruled. Graves v. Hill, 27 Miss., 419.

*Percy & Yerger*, for appellees:

Contended that the bill shows no ground for equitable relief, citing 7 S. & M., 340, 622; 27 Miss., 227.

The non-residence of Greary will not alone support equity jurisdiction. It must be accompanied either by the fact that he has land in this State, or that a resident defendant has effects of his in his hands; and to one or the other of these facts must be coupled the further fact that an equitable attachment is sought. 1 S. & M., 423; 11 ib., 58; 10 ib., 607.

Peyton, C. J., delivered the opinion of the court:

It appears from the record in this case that Thos. Greary and Bartholomew Hanway, partners in trade under the firm name of B. Hanway & Co., were indebted to the appellant in the sum of $2,594.08. That said B. Hanway departed this life on the 1st day of October, 1870; and that Thomas Greary, the surviving partner, and Mary Hanway, widow of the deceased partner, B. Hanway, each assumed to pay one-half of said debt, and executed their promissory notes to the appellant in the sum of $1,297.04 each; and to secure the payment of these notes, the said surviving partner and widow of the deceased partner executed a mortgage on certain real estate belonging to the late firm.

The appellant filed a bill in the chancery court of Washington county against the said Thomas Greary, Mary Robertshaw (formerly Mary Hanway) and James Robertshaw, her husband, and the heirs of said Bartholomew Hanway, deceased, alleging these facts, and praying a foreclosure of the equity of redemption and sale of the property mortgaged to pay said debt.

The defendants, Mary Robertshaw and James Robertshaw, appeared and filed a demurrer to the bill, which was sustained by the court and the bill dismissed as to these defendants. And this action of the court below is assigned in this court for error.

The widow of the deceased was not a member of the firm of Bartholomew Hanway & Co., and as the record does not show any consideration for her assumption of one-half of the debt of said firm, it is difficult to perceive upon what principle she can be liable to the appellant for any part of his claim against the said firm. The personal assets in the hands of the surviving partner are liable at law for the payment of the debts of the partnership, and the real estate of the partnership is held by the partners as tenants in common at law, and upon the death of one of them, his estate in the lands descends to his heirs. And whenever it becomes necessary to resort to the real estate thus held, for the payment of debts, a bill in chancery for that purpose should be brought against the heirs and the surviving partners, as tenants in common.

Upon a dissolution of the firm, by the death of one of its members, the credits and personal effects vest, by operation of law, in the survivors, and under judgment against them, the effects of the firm may be sold. The real estate, however, preserves its distinct qualities, and descends as above stated to the heir, who holds in common with the survivors, in trust, for the purposes of the partnership; first, for the creditors, and second, for the members of the firm, and their representatives, according to their several interests. The law is incompetent to administer this trust in favor of creditors. Complete redress can only be meted out in chancery, where all the interests in the land can be brought before the court, and by one decree, the entire estate converted into money for the payment of the debts of the partnership.

The sustaining of the demurrer prunes the bill of improper parties, and leaves it with the necessary parties, through whom equity and justice may be meted out to the complainant.

We therefore think the court below did not err in sustaining the demurrer, and dismissing the bill as to the parties demurring.

The decree must be affirmed.