## CHARLES YORK *vs.* SARAH A. PEARSON.

*Promissory note—consideration of.*

The acceptance of a negotiable promissory note for a pre-existing debt, if the note is made payable at a future day, suspends the right of the creditor to enforce the payment of his debt till the pay day of the note arrives, although there may be no special agreement or understanding that the note shall operate as an extinguishment of the debt ; and this suspension of the right to enforce payment of the debt is a sufficient consideration to support the note.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

ASSUMPSIT upon a promissory note, payable to the plaintiff's order in three months from its date. The defendant was administratrix of her husband's estate and the note in suit was given by her for the balance due from the estate to the plaintiff upon a grocery bill. The estate was insolvent and it was contended that there was no consideration for the note.

The plaintiff testified that he gave a receipted bill upon taking the note, and the defendant swore that no receipt whatever was given.

The presiding justice instructed the jury that if there was a settlement and a receipt in full given, so that the debt was discharged there was a good consideration for the note.

The verdict was for the defendant and the plaintiff excepted to so much of the charge as required the jury to find that a receipt in full was given and that the account was discharged in order to find that there was a valid consideration for the note ; and also filed a motion for a new trial upon the ground that the verdict was against the law and the evidence.

*P. G. White*, for the plaintiff.

*Wilson & Woodard*, for the defendant.

WALTON, J.   We think the verdict in this case is unmistakably wrong.   The defendant's own testimony   shows   that there   was a legal consideration for the note declared on.

The acceptance of  a negotiable promissory note for a pre-existing debt, if  the note is made payable at a future day, necessarily, and by operation of law, and without any agreement to that effect, suspends the right of  the  creditor  to enforce  the payment of his debt till the pay day of the note arrives ; and this suspension alone is a sufficient consideration for the note.

It was not therefore important to  inquire  whether the debt for which the note in suit was given, was absolutely discharged or not. Undoubtedly it was.   But still that was not an important inquiry ; for the acceptance of the defendant's note, payable at a future day, operated to suspend the plaintiff's  right  to take any measures to collect his debt till the pay day of the note arrived ; and this alone was a sufficient consideration for the note.   *Andrews* v. *Marrett*, 58 Maine, 539, and authorities there cited.

*Motion sustained.*

APPLETON,  C. J.,  CUTTING,  BARROWS,  DANFORTH  and  PETERS, JJ.,  concurred.