: 52　713
　72　235.

Mary Robertshaw, Guardian, et al. vs. John Hanway.

1. Partnership : *Surviving partner. Administrator. Mortgage.*
    When a widow and administratrix of a deceased partner joins with the surviving partner in executing a note for a partnership debt, and a mortgage to secure the payment of the same, conveying the real estate of the firm, such a note is without consideration as to the widow, and as administratrix she has no authority to execute a mortgage upon the real estate.

2. Same : *Foreclosure. Necessary parties.*
    In a suit against the surviving partner, to subject firm assets, the administrator of the deceased partner is not a necessary party to the proceedings, where the object is solely to reach the property of the firm. If the suit is to subject the individual property of the partners, then the administrator of a dead one is a necessary party.

3. Same : Same : *Personalty of the firm. In whom vested.*
    The personal property of the firm, upon the death of a partner, vests in the survivor, and the realty vests in the survivor in common with heirs of the decedent, but in no event does the title to the partnership property devolve upon the administrator of the deceased partner.

4. Same : *Minor heirs. Homestead exemption.*
    Neither the partners nor the heirs can acquire any interest in the partnership property, real or personal, adverse to the trust imposed upon it by law, for the payment of the partnership debts. The widow of a deceased partner is only entitled to dower in the partnership realty, after the payment of the firm debts, and the right to a homestead exemption stands on no higher ground.

Appeal from the Chancery Court of *Washington* County.
Hon. E. Stafford, Chancellor.

This case is before this court the second time. It was first brought to this court on demurrer, and tried at the April term, 1874, and reported in 49 Miss., 758, to which reference is made, although the present opinion of the court contains a statement of the case sufficient for a full understanding of the principles announced.

It is assigned for error :

1. The court erred in subjecting the homestead descended to appellants to the debt sued for.

2. No decree could be properly rendered because the administrator of B. Hanway, deceased, was not made a party defendant.

3 No decree could be properly rendered because there was no sufficient service upon Greary, the surviving partner.

4. The debt sued for was barred by the statute of limitations.

5. It was error to have rendered the decree appealed from.

*Percey & Yerger*, for appellants :

The administratrix was a necessary party. Story's Eq. Pl., § 167.

It is not alleged that the surviving partner is insolvent. Freeman *v.* Stewart, 41 Miss., 138. The facts necessary to give equity jurisdiction do not exist. Story on Part., § 361 ; 49 Miss., 758.

The minor heirs are entitled to the homestead exemption. Equity will consider the real estate purchased with partnership funds and held by the partnership as assets for the settlement of partnership debts *when the same is necessary*. Where no debts are owing, or where the personalty is ample to pay all the debts, then the real estate is held by the surviving partner and the heirs of the deceased partner as tenants in common. Story on Part., § 93, note 1; 3 Kent., 31, note 1 ; Pars. on Con. (5th ed.), 151.

*Phelps & Skinner*, for appellee :

The principles of law governing this case have been defined by this court in 49 Miss., 758, and it is incumbent upon the appellee to prove :

1. That the partnership was indebted to him in the sum claimed.

2. That B. Hanway died as alleged, and that the real estate proceeded against was purchased with the joint funds of the partnership and held as partnership property.    Since the *pro confesso* has been taken against the surviving partner, the appellee is not bound to prove his claim.    Story on Part., § 328.    The property is subject to the decree.    Story's Eq. Jur., § 674.    As to the power of a surviving partner, see Story on Part., §§ 327, 328, 344.    The property is liable to the debt. 6 Bush. (Ky.), 639, and cases cited.    That this is the proper course to pursue, see Story on Part., 324; 10 N. H., 489; 4 Myl. & Cr., Ch., 101; 1 Keen (Rolls Court), 226; Angell on Lim., 255.

The administratrix is not a necessary party, and if she was. it is too late now to raise that question.    Story's Eq. Pl., 937; Story *v.* Livingston, 13 Pet., 375; 1 Daniell's Ch. Pr., §§ 284, 285, 286.

As to the jurisdictional facts, see Hardy *v.* Gholson, 26 Miss., 70; Cason *v.* Cason, 31 ib., 578; Cannon *v.* Cooper, 39 ib., 784; Pallock *v.* Buie, 43 ib., 151.

As to the mortgage, see Sparks *v.* Pittman, 51 Miss., 511; 51 Me., 78, 140; 11 Ohio, 486.

CHALMERS, J., delivered the opinion of the court.

The appellee, John Hanway, was a creditor, by open account, of the mercantile firm of B. Hanway & Co.    Said firm having been dissolved by the death of B. Hanway, appellee had a settlement with Greary, the surviving partner, and received in satisfaction of his debt the notes of Greary and Mary Hanway (now Mary Robertshaw), the widow and administratrix of the deceased partner, and for the protection of said notes received. also from said parties a mortgage executed by them on certain real estate belonging to the firm.

The notes falling due he filed his bill to foreclose the mortgage, making the surviving partner and the widow, who was.

the administratrix, and the heirs of the deceased partner, parties defendant. The administratrix and her second husband demurred upon the ground that the notes were without consideration as to her, and that, as administratrix, she had no authority to execute a mortgage upon the real estate. This view was sustained by this court in an opinion reported in 49 Miss., 758, and the cause was remanded with instructions to dismiss the bill as to Mrs. Robertshaw (late Hanway) and husband, and leave it to be proceeded with against the surviving partner and the deceased one. It was said in the opinion that, "upon a dissolution of a firm, by the death of one of its members, the credits and personal effects vest, by operation of law, in the survivors, and under judgment against them the effects of the firm may be sold. The real estate, however, preserves its distinct qualities and descends to the heir of the decedent, who holds in common with the survivor in trust for the purposes of the partnership, first, for the creditors, and, second, for the members of the firm and their representatives, according to their several interests."

It was declared further that a court of equity was the proper tribunal in which to subject the realty of the firm to the payment of the partnership debts.

Acting upon these suggestions the complainant dismissed his bill in the lower court against Mrs. Robertshaw in her individual capacity, retaining it, however, against her in her character of guardian of the minor heirs of her former husband. Having established his case by proof, he had decree condemning the land to be sold, from which decree this appeal is prosecuted.

It is objected that the proceedings are erroneous because Mrs. Robertshaw is not made a party in her character as administratrix of her deceased husband. It is stated in Story's Eq. Pl., § 167, that in suits against a surviving partner to subject firm effects the administrator of the deceased partner should be joined. No authority is quoted in support of this doctrine, and the annotator of the volume remarks in a note

that he knows of no case in which it was so held. Where the object of the proceeding is solely to reach the firm property, as is the case in the present suit, we fail to see any necessity for joining the administrator of the deceased partner. The personalty of the firm, as we have seen above, is vested by the death of the deceased in the survivor, and the realty vests in said survivor in common with the heirs of the decendent, but in no event does the title to the partnership property devolve upon the administrator of the deceased partner.

If it was proposed to reach the individual property of the several partners then of course the administrator of the dead one must be joined. But no such attempt is made here.

There was no plea or demurrer for non-joinder, and it is too late, upon the hearing, to raise the objection, if substantial justice can be done in the absence of the party who was not joined. Story's Eq. Pl., § 237; 1 Daniell's Ch. Pr., 285; Story v. Livingston, 13 Pet., 375. We may remark, also, that Mrs. Robertshaw, the administratrix, was a party in her capacity of guardian.

It is further objected that the minor heirs of the deceased partner occupied the land as a residence, and are entitled to a homestead exemption in so much of it as descended to them. Neither the partners nor the heirs could acquire any interest in the partnership property, real or personal, adverse to the trust imposed upon it by law for the payment of the partnership debts. It was said in Sykes v. Sykes, 49 Miss., 190, that the widow was only entitled to dower in partnership realty after the payment of the firm debts. Certainly the right to a homestead exemption stands upon no higher ground.

The statute of limitations of three years is pleaded as being a bar to complainant's demand. The three years statute does not apply. There had been a full accounting, and an amount agreed upon between the surviving partner and complainant, and though the notes taken were void as against the widow and administratrix, yet the amount agreed upon as being due became by the settlement an account stated, and would only

be barred after the expiration of six years from said account-ing. The transactions involved occurred before the passage of the act of 1876, p. 253, applying the three years statute to accounts stated.

It is urged that complainant's remedy was at law, and that a court of equity has no jurisdiction.

It was decided otherwise, and we think correctly, in the previous opinion in this case.    49 Miss., *supra*.

Let the decree be affirmed.