## Case No. 7,870.

### KLEINE et al. v. SHANKS.

[3 Cent. Law J. 799; 15 Alb. Law J. 16.] [1]

Circuit Court, S. D. Mississippi. Nov. Term, 1876.[2]

PARTNERSHIP PROPERTY AND DEBTS—REAL ESTATE HELD BY PARTNERS—HOW HELD FOR PAYMENT OF DEBTS—EFFECT OF DEATH OF ONE PARTNER—POWER OF SURVIVING PARTNER.

1. Real estate held by partners, either as capital stock for partnership purposes, or as purchased with partnership means, is for the purpose of paying the debts due by the partnership, or the balance due its members, considered as personal assets of the partnership; the legal title being vested in the partners as tenants in common. in trust for the creditors and members of the firm. Upon the death of one of the members, the title so vested in him descends to his heirs or devisees subject to the same trust.

2. The surviving partner has the right to control and manage the estate for the purpose of satisfying the trusts which rest upon it. and he may to this end rent it, receive the rents. sell it and receive the purchase money, and convey to the purchaser not only the legal and equitable title in himself, but the equitable title which he holds as such surviving partner. and if the sale be bona fide the court will compel the party holding the legal title under the deceased partner to convey such legal title to the holder of the equitable title. and thereby make the title complete.

In equity.

T. A. & M. Marshall, for complainants.
W. B. & A. Pittman, for defendant.

HILL, District Judge. This cause is now submitted upon defendant's demurrer to complainants' bill. The bill is necessarily lengthy, but so much of the allegations as are necessary to understand the points raised by the demurrer, are substantially as follows: Shepherd Brown and Joseph H. Johnson, in 1853, formed a partnership in a banking and general trading business, to be conducted in the city of Vicksburg. in this state, which business was to embrace the purchase and sale of lands, and all of which was to be conducted on joint account under the firm name and style of Brown & Johnson. The business was commenced, and carried on until the commencement of the war, embracing very large transactions in all its departments. The results of the war suspended, and finally broke up and ruined, the business, ending in hopeless insolvency. Johnson died in 1863, leaving a will and testament, which has been duly proven and admitted of record, and of which the defendant is appointed executor. The will vested in the defendant the title to all the estate of the testator, real and personal. legal and equitable, with power to continue the business or wind it up as the defendant might deem most to the interest of the estate; and when wound up. that defendant should retain the one-fourth, and distribute the re-

1 [Reprinted from 3 Cent. Law J. 799. by permission. 15 Alb. Law J. contains only a partial report.]

2 [Affirmed in 104 U. S. 18.]

mainder among certain of the testator's relations named and in the proportions stated in the will; and providing further, that if any of the beneficiaries should complain of the action of the defendant, it should forfeit his or her interest under the will. That at the close of the war, Brown, the surviving partner, found the assets of the firm wholly insolvent and insufficient to meet the liabilities of the firm, and being pressed by the creditors, not only of this firm, but of others, with which both he and Johnson were connected, thought those who had deposited their funds with the banking house at Vicksburg the more meritorious, and desired to make provision for their payment out of the wreck that remained, the principal part of which consisted of the real estate owned and held by the firm as part of the firm property. That after consulting with the defendant, who was then vested with all the title and interest which his testator had in, and to, this real estate, with as full power and disposition as the testator would have had over it if living, and with the free and full assent of the defendant. Brown as such surviving partner conveyed the real estate described in the bill to J. A. Kleine, one of the complainants, in trust for the payment of the debts due these depositors, whose names and the amounts due each were given in a schedule annexed to, and made part of, the conveyance. Power and direction were given to the trustee to sell and convey this real estate, and from time to time, as he might receive the proceeds, to apply them to the payment of these debts pro rata. That the trustee proceeded to sell the real estate described in the bill. which was done for a full and fair price. and the proceeds applied as directed. That the complainants who are either the original purchasers, or who hold under them went into the possession, paying taxes upon it. keeping up repairs. etc., without any claim whatever being set up to it by the defendant. until served with writs of ejectment to recover possession, brought by the defendant against them upon the law side of this court, and which action this bill seeks to enjoin, and for a decree compelling the defendant to convey to the complainants respectively all the title which defendant, as such executor and devisee, has in, and to, the real estate so respectively held by complainants. The demurrer admits the truth of the allegations of the bill as above stated.

The questions are: First, are the complainants entitled to the relief prayed for? And, if so, to what relief? They pray first, that the actions of ejectment shall be perpetually enjoined; secondly, that defendant shall convey to them all the title he holds, and if mistaken in both of these, that they be subrogated to the rights of Brown, the surviving partner, and those of the creditors. The questions presented are important. not only in consideration of the large value of the property involved, but on account of

their being of first impression in this state in some of their features. Being questions of property, the rights of the parties so far as they have been settled by the courts of last resort in the state, must control the decisions of this court upon the questions presented. The rule laid down by the supreme court of the state is as follows: Real estate held by partners, either as capital stock for partnership purposes, or as purchased with partnership means, is for the purpose of paying the debts due by the partnership, or the balance due its members, considered as personal assets of the partnership, the legal title being vested in the partners as tenants in common, in trust for the creditors and members of the firm as stated in the articles of co-partnership. And upon the death of one of the members, the legal title so vested in him descends to his heirs or devisees, who continue to hold as tenants in common with the survivors, in trust, for the payment of any balance found due upon final settlement to the survivors, according to the articles of the co-partnership. This is as far as any of the decisions have gone, and will be found recorded in Scraggs v. Blair, 44 Miss. 406; Hanway v. Robertshaw, 49 Miss. 758, and which coming before the court again at the present term, the same doctrine was re-affirmed.

The learned counsel for defendant insists that this is only a lien or right to have the partnership real estate, by proceedings in a court of competent jurisdiction, sold and the proceeds applied to the payment of the demands with which it is charged. A careful consideration of the questions presented, satisfies me that it is something more than a lien; it is a special equitable interest in the estate, and the right upon the surviving partner, who is charged with payment of the partnership debts, to control and manage it for the purpose of satisfying the trusts which the supreme court of the state has declared rests upon it; for this purpose he may rent it and receive the rents, may sell it and receive the purchase money, and convey to the purchaser, not only the legal and equitable title in himself, but the equitable title which he holds as trustee as surviving partner, and if the sale be a fair and bona fide one, and for a fair consideration, such a one as a court of equity would sanction, had it been made under its own order and decree, the court will compel the party holding the legal title under the deceased partner to convey such legal title to the holder of the equitable title, and thereby make the title complete. This is the rule held in California in Dupuy v. Leavenworth, 17 Cal. 262. Chief Justice Field, now one of the justices of the supreme court of the United States, in delivering the opinion of the court, uses this language: "In equity, real estate acquired with partnership funds, for partnership purposes, is regarded as personal estates, so far as the payment of partnership debts, and the adjustment of

partnership rights are concerned. The real and beneficial interests which each partner possesses in this partnership property is the balance coming to him after the payment of the partnership debts, and the settlement of accounts with his co-partners. And in the view of equity it is immaterial in whose name the title to the property stands; whether in the individual name of one partner, or in the joint names of all, it is first subject to the payment of the partnership debts, and is then to be distributed among the co-partners according to their respective rights. The possessor of the legal title in such case holds the estate in trust for the purposes of the co-partnership. Each partner has an equitable interest in the property until the purposes are accomplished. Upon the dissolution of the partnership by the death of one of the partners, the surviving partner who is charged with the duty of paying the debts can dispose of this equitable interest, and the purchaser can compel the heirs at law of the deceased partner to perfect the purchase by the conveyance of the legal title."

The same doctrine was held by the supreme court of Alabama, in the case of Andrews v. Brown, 21 Ala. 437. In that case, Chief Justice Dargan delivering the opinion of the court, in stating the rule, among other things, says: "It will not do to charge the surviving partner with the duty of paying the partnership debts, and at the same time withhold from him the means of doing so." The supreme court of Massachusetts, in Burnside v. Merrick [Mass.] 4 Metc. 537, holds that this equitable interest in partnership real estate vests in the surviving partner; and that neither the widow nor heirs of the deceased partner have any beneficial interest in such real estate, or the rents and profits thereof, until the partnership debts and obligations are discharged; and that such real property must first be applied to that purpose. I have been referred to no adjudicated case in any of the states, or by the supreme court of the United States holding a different rule from that above stated. I am satisfied if the rule were not as stated, defendant must be held in equity estopped from setting up title to the estate so conveyed, and compelled to convey the legal title he holds, as such devisee, to the complainants.

The doctrine of equitable estoppel is now so well settled that reference to authority to maintain it is unnecessary, and was, perhaps, never more clearly stated than by Chief Justice Simrall, a few days since, in the case of Railroad Co. v. Ragsdale [54 Miss. 200], in which it was held that a verbal agreement to convey lands, sustained by a valuable consideration acquiesced in and acted upon for a considerable time, until the land had been sold and conveyed to others by the party to whom the conveyance was agreed to be made, estopped the party so agreeing to convey from setting up his title; and that a court of equity will compel him to convey the legal title

under the estoppel, and thereby complete the title.

Having arrived at the conclusion stated, it is unnecessary to consider the doctrine of subrogation, so ably combatted by defendant's counsel, as applied to the facts stated in the bill. I am compelled, both from reason and authority, to the conclusion that the demurrer must be overruled, and it is so ordered. Demurrer overruled.

[NOTE. This decree, on defendant's appeal, was affirmed by the supreme court in an opinion by Mr. Justice Miller. 104 U. S. 18. It was held that the right of the surviving partner and the creditors was an equitable right, accompanied by an equitable title. "It is an interest in the property which courts of chancery will recognize and support." The court will, when necessary, "see that the real estate so situated is appropriated to the satisfaction of the partnership debts, but that for that purpose, and to that extent, it shall be treated as personal property of the partnership, and, like other personal property, pass under the control of the surviving partner." This is the doctrine of the English court of chancery, and the American courts preponderate upon that side. The Mississippi cases disclose nothing in contravention of this doctrine.]

---

KLEINKNECHT (WICKE v.). See Case No. 17,608. ·

KLIER (SIDENER v.). See Case No. 12,-843.

KLINE (PENN v.). See Case No. 10,934.

KLINGLER (GREENE v.). See Case No. 5,-767.

KLIPPELL (BURFORD v.). See Case No. 2,114.

KLORKGETER (BUCKER v.). See Case No. 2,083.