## HENRY BISSINGER v. J. M. LAWSON.

1. CONTRACT. *Consideration. Ancestor and heir.*
   The extinguishment of an indebtedness of an intestate is a sufficient consideration to support the bond of a distributee of his estate.

2. LIMITATION OF ACTIONS. *One year after administration.*
   If the intestate died before his indebtedness was barred by the Statute of Limitations, it will not be barred thereby until one year after administration.

ERROR to the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

*W. L. Clayton,* for the plaintiff in error.

The court below by instructing the jury that the son's bond, if given for his deceased father's debts, was without consideration caused the erroneous verdict. *Powell* v. *Jones*, 12 S. & M. 506; *Calhoun* v. *Calhoun*, 37 Miss. 668. The note and bond of the father were not barred, because he may have been absent from the State, and because, by the Code of 1871, there is no limitation as to sealed instruments.

*J. A. Brown,* on the same side, citing *Calhoun* v. *Calhoun,* 37 Miss. 668 ; *Botanico-Medical College* v. *Atchinson,* 41 Miss. 188 ; *Wren* v. *Hoffman,* 41 Miss. 616, and *Marsh* v. *Lisle,* 34 Miss. 173, contended that the burden of proof was on the defendant who attacked his own bond, and that he had failed to show that the bond or note of his father was barred, but that, they not being barred at his death, the statute would not run until administration on his estate. Code, 1871, § 2162.

*Barton & Cole,* for the defendant in error.

The Statute of Limitations is as good as payment, *Davis* v. *Minor,* 1 How. 183 ; and by its operation the note and bond of the father were extinguished, and could not be a consideration for the son's bond, which, being a mere benevolence, was not obligatory. Story on Contracts, §§ 420, 453 ; *Kerr* v. *Calvit,* Walker, 115.


CHALMERS, J., delivered the opinion of the court.

The defendant in error, Lawson, executed to the plaintiff in error his own bill single, or writing obligatory, in liquidation and satisfaction of a bond and a promissory note of his deceased father held by the plaintiff in error. When sued, he defended upon the ground that his obligation was without consideration, and the learned judge below instructed the jury that, unless there was some new consideration moving between the defendant in error and the plaintiff, the contract was void. This was erroneous. The extinguishment of the debt of his father was a sufficient consideration to support his own contract if there was a valid and subsisting indebtedness due from his father's estate. *Calhoun* v. *Calhoun,* 37 Miss. 668 ; *Marsh* v. *Lisle,* 34 Miss. 173. Whether there was such subsisting indebtedness from the father's estate depends in this case upon the question whether the old debts were barred by the Statute of Limitations, and this depends, so far as this record shows, upon the question whether they became barred during the father's lifetime. It is not shown that there had been any administration upon the estate, and if there was none, and if the debts were not barred at the father's death, they would not become so until one year after the qualification of an administrator. Code, 1871, § 2162. Excluding the time during

which the statute was suspended on account of the war, about six years and a half intervened between the execution of the bond and promissory note by him and his death. This period would bar the promissory note, but would not bar the bill single. The obligation of the son therefore seems, as the facts appear from this record, to be supported by a good consideration, to the extent of the amount due on the father's bond and no further. Subsequent developments may show a different state of facts.

*Judgment reversed and cause remanded.*