# Nowlin *v.* Wesson.

*Action on Promissory Note, by Payee against Maker.*

1. *What is valuable consideration.*—The surrender to a widow of a claim against the estate of her deceased husband, treating it as no longer binding on his estate, is a sufficient consideration to support her promissory note for the amount, although the husband's estate is in fact insolvent.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. LEROY F. BOX.

This action was brought by J. R. Nowlin against Mrs. C. M. Wesson, and was founded on the defendant's promissory note under seal for $128.43, which was dated on the 29th [?] February, 1885, and payable one day after date, to the plaintiff or order. The defendant pleaded want of consideration, and issue was joined on that plea. On the trial, the defendant testified that, when the note was given, she was not indebted to the plaintiff in any sum whatever, but he held a claim against her

deceased husband, no part of which was for family supplies, nor otherwise chargeable against her or her property; that her husband left no estate whatever, "and there had been no administration because there was nothing to administer;" that the plaintiff came to her soon after her husband's death, and insisted that she ought to pay his claim; that she finally consented to assume the debt, paid him $50, and gave the note sued on for the balance; that the plaintiff "gave her nothing of value for the note, but he may have left her husband's note and account receipted, though she has no recollection of it if he did so; that the note and account were both worthless, she had realized nothing on them, and could realize nothing." The plaintiff, testifying for himself, said that his debt against defendant's deceased husband consisted of a note and the balance of an account, both past due; that when he asked defendant to pay the debt, "he told her he would be compelled to take steps to collect his money out of the estate, if she did not pay it;" that she then paid him $50, and gave the note sued on for the balance; "that he did not know of any property which defendant's husband had at the time of his death, and knew of no property which he could have subjected to its payment;" also, that he surrendered his note and account against said Wesson, and accepted defendant's note in lieu and payment of it."

This being "substantially all the evidence," the plaintiff asked the general charge in his favor, and excepted to its refusal; and he also excepted to a part of the general charge given by the court as follows: "If the debt Nowlin had against defendant's deceased husband was worthless, and could not be collected when defendant gave her note to the plaintiff; then the note sued was without consideration, unless the proof showed that something of value passed from plaintiff to defendant as a consideration for the note."

The charge given, and the refusal of the charge asked, are here assigned as error.

BROTHERS, WILLETT & WILLETT, and DORTCH & MARTIN, for appellant, cited *Robinson v. Tipton,* 31 Ala. 595; *Watson v. Reynolds,* 54 Ala. 191; *Underwood v. Lovelace,* 61 Ala. 155; *Thornton v. Guice,* 73 Ala. 321.

JNO. H. CALDWELL, and CALDWELL & JOHNSTON, *contra,* cited *Rutledge v. Townsend,* 38 Ala. 706; *Hixon v. Hetherington,* 57 Ala. 166; *Doss v. Peterson,* 82 Ala. 256.

STONE, C. J.—The testimony in this record is not positive, but it conduces to show that, when Mrs. Wesson executed the bill single sued on, the claim against her deceased husband was surrendered to her, and treated as no longer binding on his estate.   If this be so, nothwithstanding his estate may have been absolutely insolvent, it was, in contemplation of law, a valuable consideration, and will uphold the express promise made by the surviving widow.—*Rutledge v. Townsend,* 38 Ala. 706; *Watson v. Reynolds,* 54 Ala. 191; *Underwood v. Lovelace,* 61 Ala. 155; *Thornton v. Guice,* 73 Ala. 321; *Hixon v. Hetherington,* 57 Ala. 165; *Doss v. Peterson,* 82 Ala. 253.

The Circuit Court erred in giving the charge shown in the record, to which exception was reserved.

Reversed and remanded.