SYKES *v.* MOORE, ET AL.

[76 South. 538, Division B.]

1. BILLS AND NOTES. *Want of consideration. Void.*
   Where a husband dying left no estate, a promissory note by his widow in settlement of his debt was without consideration and void.

2. BILLS AND NOTES. *Validity. Fraud. Mistake.*
   Where the vidow of a deceased member of a lodge upon whose life she held a policy was induced by the collector and treasurer of the lodge to give him a note and assignment of an interest in the policy to pay the debt of the deceased husband to him, by representing to her that she could not collect the policy unless she executed such note and assignment, and the husband had left no estate, in such case the note and assignment was without consideration, and could not be enforced.

3. SAME.
   A debt of a deceased husband is not a sufficient consideration for a note executed by his widow unless she receives assets from the estate.

APPEAL from the chancery court of Monroe county.
HON. A. J. McINTYRE, Chancellor.

Bill by T. B. Sykes against Katie Moore and the Odd Fellows Benefit Association. From a decree for defendants, plaintiff appeals.

Appellant, as complainant below, filed his bill of complaint against Katie Moore, the widow of Dock Moore, deceased, and against the Odd Fellows' Benefit Association, a negro benevolent insurance order, in which Dock Moore, deceased, was insured in a sum not exceeding one thousand dollars. The suit is based upon a promissory note executed by Katie Moore in favor of T. B. Sykes, the complainant, after the death of Dock Moore, and upon an instrument of writing assigning to the complainant a partial interest in the proceeds of a policy or certificate

of insurance which had been issued upon the life of Dock Moore, and in which the widow, Katie Moore, was beneficiary. The complainant, a colored merchant, claimed an indebtedness evidenced by open account against Dock Moore, the deceased husband of the defendant Katie, and to collect this indebtedness he induced the said defendant to execute to him the promissory note in the sum of two hundred and fifty dollars and to assign to him to that extent an interest in the exempt insurance. It appears that at the time Dock Moore died appellant was the local treasurer and collector of the local lodge of the defendant insurance company, and one of the defenses presented by the answer to the bill is the allegation that the complainant represented to Katie Moore that her husband was nonfinancial in the lodge, and that she, the defendant, would be unable to collect anything on the policy unless she would give to appellant an interest in the proceeds; that the complainant enjoined upon her the necessity of concealing the policy, and of leaving the details of collecting the insurance to him. It is further contented that Dock Moore died without leaving any estate, that the insurance was the exempt property of the widow, and that the execution of the note and the assignment of an interest in this insurance were without consideration and void. The chancellor, upon proof, dismissed the bill, and from his final decree appellant prosecutes this appeal. The chancellor rendered an opinion holding that the assignment and note were given by the appellee Katie Moore for the debt of her deceased husband, and under the facts the note and assignment were void for want of consideration. Appellant denied the charge of fraud, and introduced testimony tendng to prove that the note was executed by the widow voluntarily before a justice of the peace, who assisted the parties in preparing the papers. Inasmuch as the decision of this case turns upon a law point, it is unnecessary to detail the evidence for and against the charges of fraud.

*W. H. Clifton,* for appellant.

*Paine & Paine,* for appellees.

STEVENS, J., delivered the opinion of the court.

(After stating the facts as above). Under the facts, we concur in the opinion of the chancellor that the note sued on is without consideration and void. Katie Moore, the widow, was interrogated as to what, if any, property her husband left, and her response to the question was, "A wife and some children." The proof shows that the insurance would not exceed five hundred dollars. In such case, then, the note executed by the widow in an attempted settlement of her husband's debt is without consideration; certainly so, if the creditor is not thereby led to surrender his claim against the deceased. The best authorities, in our judgment, hold that a debt of a deceased husband is not a sufficient consideration for a note executed by the widow, unless she receive assets from the estate. 8 C. J. p. 222, with cases under footnote 12. In the present case there was no property left by Dock Moore subject to the demands of his creditors. There is no contention that the widow in any wise helped to incur the debt, and there was neither moral nor legal obligation resting upon her in the premises. On the point whether a moral or ethical obligation will supply the needed consideration in a contract of this character, the authorities are in conflict, and on this question we need not discuss the previous announcements or the position of this court. In the present case, we take it, there was no moral obligation upon the widow. The effort here is to subject the proceeds of insurance, which the statute and the public policy of our state proclaim exempt. The equities, then, are more in favor of the widow.

In the case of *Hanway* v. *Robertshaw et ux.,* 49 Miss. 758, the widow of one of the deceased partners of the firm of Bartholomew Hanway & Co. joined the surviving

partner in executing notes for a debt of the said firm. It appears that there were personal assets of the partnership left in the hands of the surviving partner. In addition to executing a note for the partnership debt, the widow executed a mortgage on certain real estate belonging to the firm. There was in that case a bill for a foreclosure of the mortgage and upon contest our court held that:

"The widow of the deceased was not a member of the firm of Bartholomew Hanway & Co., and as the record does not show any consideration for her assumption of one-half of the debt of said firm, it is difficult to perceive upon what principle she can be liable to the appellant for any part of his claim against the said firm."

There was a second appeal of this case, as shown by the opinion in 52 Miss. 713, and the views expressed were reaffirmed.

In *Tucker* v. *Denton*, 32 Ky. Law Rep. 521, 106 S. W. 280, 15 L. R. A. (N. S.) 289, a daughter paid over certain money to secure the release of her parents from what she by mistake supposed to be an enforceable contract for the sale of real estate. Thereafter the daughter sued to recover the money, alleging a mistake of fact. The court reached the conclusion that the contract entered into by the parents, while not void, was unenforceable, held that the money was paid under mistake, and permitted the daughter to recover. It is difficult to know the importance the chancellor attached to the testimony to the effect that appellant represented to the widow that she would never collect her insurance unless satisfactory arrangements were made with him. At the time the note was executed, appellant was the local collector of the lodge, and by virtue of his position may have exercised an undue influence on Katie Moore. and, if so, the doctrine of the Kentucky court would here be applicable.

It might be contended that the cases of *Bissinger* v. *Lawson,* 57 Miss. 36, and *Calhoun* v. *Calhoun,* 37 Miss. 668, though not cited by counsel, are in conflict with our pres-

ent holding. Our examination of these cases, as reported, convinces us that the court adhered to the general and sound rule that the consideration for a contract of this character may be the full extinguishment of the debt held against the deceased. In the first-named case the deceased father owed a valid and subsisting indebtedness, which the son. a distributee of his estate, extinguished by his own personal obligation. The report does not show the condition of the father's estate; that is, whether solvent or insolvent, and what, if any, property the son received from the estate. The inference is that the son was a distributee and that he derived some benefit from the estate. The report further indicates that the obligation which the creditor there held against the deceased father was fully receipted and delivered up to the son. The same principle appears to govern the case of *Calhoun* v. *Calhoun.* If there were any forbearance or release by the creditor, the case would be different. The present record does not affirmatively show that appellant even receipted his open account against the deceased, or executed any kind of acquittance, and we assume that he did not change his position to his hurt or injury. Aside from these considerations, however, we are impressed with the want of consideration in this case. The widow did not owe the obligation she attempted to assume. She received no estate which by law would descend to the administrator for the benefit of creditors. There was, then, neither benefit to the widow nor any substantial forbearance by the creditor.

*Affirmed.*