NEWMAN AND SNELL'S STATE BANK v. HUNTER.

1. BILLS AND NOTES—CONSIDERATION—NOTE GIVEN BY WIDOW TO TAKE UP WORTHLESS NOTE OF HUSBAND VOID FOR WANT OF CONSIDERATION.

   A promissory note, given to a bank by a widow to take up a note given by her husband, who died insolvent, is void for want of consideration; the husband's note being worthless, in surrendering it nothing of value was parted with.

2. SAME—TRANSFER OF WORTHLESS STOCK DID NOT FURNISH CONSIDERATION.

   If certain shares of stock of an insolvent company, held by the bank as collateral to the husband's note and retained by it after surrender of the note, were transferred to the widow, as matter of law, by reason of the surrender of

his note to her, this would not furnish a sufficient consideration for her note, in the absence of a showing that said stock had any market value.

Case-made from Berrien; Warner (Glenn E.), J., presiding. Submitted April 12, 1928. (Docket No. 119, Calendar No. 33,542.) Decided July 24, 1928.

Assumpsit by Newman and Snell's State Bank against Zennetta. H. Hunter on a promissory note. Judgment for plaintiff on a directed verdict. Defendant appeals. Reversed, and no new trial ordered.

*Edwin J. Donahue* and *Stuart B. White,* for appellant.

*Burns & Hadsell,* for appellee.

FELLOWS, J. Defendant is the widow of Lee C. Hunter, who died intestate January 25, 1926. His estate was insufficient to pay his funeral expenses and the widow's allowance. At the time of his death plaintiff bank held his note for $3,700, with 50 shares of the capital stock of the Hunter Company as collateral. This company was insolvent but was still doing business when the note was given; afterwards it was placed in the hands of a receiver and its assets were insufficient to pay its debts. The facts were agreed upon on the trial in the court below. We quote from the agreed statement of facts:

"On March 1, 1926, the defendant gave the plaintiff the note described in the plaintiff's declaration in this cause and the plaintiff surrendered to her therefor, and in consideration thereof, the note of said Lee C. Hunter. The defendant also paid the plaintiff the earned interest due on the deceased's note."

Defendant pleaded want of consideration. We shall presently consider the effect of what was done about the stock of the Hunter Company, and for the present will consider whether the surrender of the note of her

deceased husband who left no estate was a sufficient consideration for the note sued upon. Counsel for both parties have furnished able briefs and their arguments have been helpful. They have doubtless brought to our attention all the cases which would be of assistance to us in reaching a conclusion. While all the authorities cited have been examined, we shall not take up each one of them and discuss them, nor shall we cite them all, nor shall we attempt a reconciliation of the decisions of those States whose own decisions are claimed to be out of accord with each other. There is a definite conflict in the decisions from other States, and it is possible there is a conflict between cases from the same court.

*Nowlin* v. *Wesson,* 93 Ala. 509 (8 South. 800), unequivocally sustains the plaintiff's contention. It was there held (quoting the syllabus):

"The surrender to a widow of a claim against the estate of her deceased husband, treating it as no longer binding on his estate, is a sufficient consideration to support her promissory note for the amount, although the husband's estate is in fact insolvent."

We likewise quote the syllabus of *Wilton* v. *Eaton,* 127 Mass. 174:

"The surrender to an administrator of a promissory note made by his intestate, whether the note, at the time of the surrender, is capable or incapable of being enforced at law, is a sufficient consideration for the giving of a new note by the administrator, and he is personally liable thereon; although, when the new note is given, his final account has been allowed, and no new assets have since come into his hands."

The decision sustains the syllabus and attempts to distinguish the case of *Williams* v. *Nichols,* 10 Gray (Mass.), 83, a case relied upon by defendant. Doubtless plaintiff's strongest case is *Judy* v. *Louderman,* 48 Ohio St. 562 (29 N. E. 181). The father of an insolvent decedent took up decedent's note with his

own.   Although the note taken up was worthless, it was held that the consideration was adequate.   The opinion largely rests on the desire of the father to acquire his son's note, and in part on the question of moral obligation.   The Maryland court of appeals had substantially the same question before it in *Schroeder* v. *Fink*, 60 Md. 436.   There the deceased likewise left no estate.   His two sons promised to pay $500 for the surrender of the $500 note of their father.   It was held that the sons' promise was without consideration and was *nudum pactum*.   *Mohn* v. *Mohn*, 181 Iowa, 119 (164 N. W. 341) ; *York* v. *Pearson*, 63 Me. 587, and *Corbett* v. *Cochran*, 3 Hill (S. C.), 41 (30 Am. Dec. 348), tend to support plaintiff's contention, as does some of the language used in *Bissinger* v. *Lawson*, 57 Miss. 36.   But in the later case of *Sykes* v. *Moore*, 115 Miss. 508 (76 South. 538, L. R. A. 1918B, 491), that court held unequivocally:

"A note by a widow in settlement of her deceased husband's debt, where the husband left no estate, was without consideration and void."

We now take up some of the cases relied upon by defendant.   In *Paxon* v. *Nields*, 137 Pa. St. 385 (20 Atl. 1016), it was held (quoting the syllabus) :

"A note given by a widow for the payment of a debt due from her deceased husband's estate, which estate is insolvent, is void in law without a new consideration; and such consideration will not be raised by an agreement on the part of the creditor that the note will be renewed from time to time after maturity."

We quote from the syllabus in *Ferrell* v. *Scott*, 2 Speers (S. C.), 344 (42 Am. Dec. 371) :

"It is no sufficient consideration to support the promise of the surviving widow of a pauper in a promissory note, given by her shortly after her husband's death, to one of his creditors, that such demand should be discharged against the estate of her husband by virtue of her undertaking to pay it."

Likewise we quote from the syllabus in *Gilbert* v. *Brown*, 29 Ky. L. Rep. 1248 (97 S. W. 40, 7 L. R. A. [N. S.] 1053):

"The execution, by a woman, of a note to take up one of her deceased husband, is without consideration if she received nothing from his estate."

In *Home State Bank* v. *DeWitt*, 121 Kan. 29 (245 Pac. 1036), that court pointed out that while the note of a living person who was presently without means would furnish a consideration, one of a deceased insolvent would not. Defendant's contention likewise finds support in the following cases: *Williams* v. *Nichols, supra; Sponhaur* v. *Malloy*, 21 Ind. App. 287 (52 N. E. 245); *Kircher* v. *Sprenger*, 4 Pa. Dist. Rep. 144; *Jones* v. *Ashburnham*, 4 East, 455; *Hanway* v. *Robertshaw*, 49 Miss. 758; *Coward* v. *Hughes*, 1 Kay & J. 443; *Maull* v. *Vaughn*, 45 Ala. 134.

This court in one case (*Taylor* v. *Weeks*, 129 Mich. 233) has held that the widow's note given for the discharge of an unenforceable claim against the estate of her deceased husband, one outlawed under the statute of limitations, was one that was unenforceable as without sufficient consideration, and in two cases (*Cawthorpe* v. *Clark*, 173 Mich. 267, and *Steep* v. *Harpham*, 241 Mich. 652), this court has held that the widow's note given for the discharge of obligations of her husband were enforceable in the absence of any testimony showing that the estate was insolvent. In the more recent of these cases it was stressed that there was no evidence of insolvency of the estate, and that while the duty of showing consideration rested on the plaintiff through the case, the recitals in the note made a *prima facie* case and the duty of going forward with the testimony rested on the defendant. Here we have the widow's note given to take up the note of her insolvent husband, a worthless piece of paper. When plaintiff surrendered this worthless piece of

paper to the defendant, it parted with nothing of value and defendant received nothing of value, the plaintiff suffered no loss or inconvenience and defendant received no benefit.    The weight of authority sustains defendant's contention, but going back to fundamentals it seems clear to me that the transaction was without consideration.    It is urged that plaintiff's right as a creditor to administer the estate was valuable and was waived.    Had there been assets or prospective undisclosed assets there might be some force to this contention.    But the agreed statements of facts negative any such situation.    Under the agreement of facts there was not enough in the estate to pay the funeral expenses or the widow's support.

We have now reached the question of whether the manner of handling the stock of the Hunter Company furnished a consideration.    So far as the record discloses this stock was retained by the bank and was treated as collateral to defendant's note, and it was so stated in that instrument.    The bank, so far as the record discloses, never surrendered it to the defendant but kept it and has it today.    But plaintiff's counsel insist that as matter of law it was transferred to defendant.    They insist that whatever interest the bank had in the stock passed to defendant when her husband's note was surrendered to her, even though it was not as matter of fact given to her.    But if we accept this theory and thus create a legal fiction, we must have in mind that she at once and in the same transaction re-hypothecated the stock to the bank. Stripped of all legal fiction, the cold facts are that when the negotiations opened plaintiff had this stock and the worthless note of defendant's husband.    When they ended the bank still had the stock and defendant's note.    Defendant had her husband's worthless note and she had nothing more.    But this discussion is largely academic.    The agreed statement of facts

shows that the company was insolvent. The stock then had no book value. There is no statement that it had a market value, and in the absence of anything showing or tending to show a market value, we cannot assume it had such value or what it was. It was suggested on the argument that even though the company was insolvent, it might have been revived by the infusion of new money in the enterprise. But no one has come along with any infusion of such new blood, and value based on such a possibility is altogether too problematical to form a fixed basis of property rights. The record shows the affairs of the company have been wound up, and that creditors were not paid in full. Upon this record the stock was worthless.

The case of *Monroe State Savings Bank* v. *Orloff,* 232 Mich. 486, is clearly distinguishable. In that case the bank had an attachment levied on a considerable amount of property. The testimony offered in behalf of plaintiff, which was accepted by the jury, showed or tended to show that all the parties understood that defendant, a married woman, could not become security for the payment of the debt of the corporation, but that she could purchase the note with the rights which went with it. And that the transaction was a sale and nothing more. The defense was coverture, not failure of consideration. There the defendant received the notes of the corporation, which were at least secured in part by an attachment, while here defendant only received the note of a deceased person who left nothing but debts and an insolvent estate. We are satisfied that the defense of failure of consideration was sustained.

The judgment will be reversed, without a new trial.

Fead, C. J., and North, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.