NORAH D. SINGLETARY, a widow, v. GEORGE W. SINGLE-
TARY.

177 So. 546.
Division A.
Opinion Filed December 9, 1937.

*Zewadski & Pierce,* for Plaintiff in Error;
*Huffaker & Edwards,* for Defendant in Error.

TERRELL, J.—Prior to his death in January, 1931, J. O.
Singletary executed his promissory note for $1,500.00 in
favor of J. W. Manley to evidence a loan for that amount.
George W. Singletary endorsed said note as surety. J. O.
Singletary died before the note was due, but when it ma-
tured, it was liquidated by a loan from M. M. Loadholtes
which was represented by two notes aggregating $1,500.00
signed by Norah D. Singletary and endorsed by George W.
Singletary as surety.

When the latter notes matured, they were paid by George
W. Singletary, who brings this action against Norah D.
Singletary to recover the face of the notes with interest.
The declaration was in three counts to which demurrer was

overruled. Pleas to the first and second counts alleged that the notes were without consideration in that the money they represented was borrowed from M. M. Loadholtes to pay a debt to J. W. Manley for the estate of the deceased husband of the defendant, whose estate was at the time insolvent. The pleas also alleged that the notes were executed by defendant on the advice of George W. Singletary, who was her confidential adviser. To the third count, plea of the general issue was filed. A demurrer to said pleas was sustained. Amended pleas were filed and on January 20, 1936, plaintiff interposed his demurrer thereto. On January 23, 1936, defendant moved to dismiss said demurrer on the ground that it should have been filed on the January rules insted of January 20, 1936. The motion to dismiss was denied, the demurrer was allowed to stand as to defendant's amended pleas and was sustained as to them on the theory that the original and the amended pleas were identical in substance and that since it was permitted to stand as to the amended pleas, it was immaterial whether it was filed on January 20th or January Rules. The defendant declined to plead further and final judgment was entered in favor of the plaintiff for the face of the notes and interest. Writ of error was prosecuted to the final judgment.

From this state of facts, plaintiff in error poses four questions which have been considered. In our view, they are all resolved by the answer to the ultimate question which we sense to be that of whether or not Norah D. Singletary was in position to impose a plea of failure of consideration to an action on her promissory note brought by the surety who paid the note and became subrogated to the rights of the payee, the note having been executed by her (Norah D. Singletary) to a third person to secure funds to discharge a debt owed by her husband at his death.

The law is settled that a note given by a widow to pay the obligation of her deceased husband who was insolvent at the time of his death, there being no other consideration to support it, is void and cannot be revived by renewal. Newman & Snell's State Bank v. Hunter, 243 Mich. 331, 220 N. W. 665, 59 A. L. R. 311; Sykes v. Moore, 115 Miss. 508, 76 So. 538, 3 R. C. L. 935.

In this case, the husband of the plaintiff in error borrowed from J. W. Manley with George. W. Singletary as surety. The note matured after the husband's death and was paid by a loan from M. M. Loadholtes to the plaintiff in error endorsed by George W. Singletary who paid the notes when due. The debt was consequently that of Norah D. Singletary and was supported by an entirely different consideration from the original note made by her husband. If J. O. Singletary had been indebted to Loadholtes at the time of his death and he had died intestate and the note in question had been given by Mrs. Singletary to pay the debt of her husband, then the plea of failure of consideration would be applicable, but not true when Mrs. Singletary on her own initiative borrows money from a third party and discharges the obligation of her deceased husband. Cracker Jack Co. v. Stomacken, *et al.,* 119 Fla. 667, 160 So. 755.

The questions argued by plaintiff in error in the main grow out of the state of the pleadings which is, to say the least, irregular and is not approved, but if error was committed, it is not shown to have been harmful. Under the early rule, "the bed that litigants make and lie in up to the trial, should not be then vacated by them. They should continue to lie therein until the jury renders its verdict." The late practice has abrogated this rule and substituted therefor that by which either litigant may now snooze up to trial, then bound out of bed and by the discretion of the

judge amend, shift, or substitute his pleadings in such a way as the ends of justice may seem to require.

We have not deemed it of sufficient importance to exhibit the anachronisms in the pleadings here shown to exist. Such have been condoned and even palliated when the administration of justice is not intercepted and we do not find that to be the case.

Reversible error not being exemplified, the judgment below must be and is hereby affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.