W. A. Sylverstein, President, etc., *v.* Clinton Atkinson et al.

1. Partnership — Authority of a member to bind the firm as surety. — One member of a commercial partnership has not implied authority to sign the joint name as surety for third persons, unless the partnership agreement permits it.

2. Same — Authority of a partner to bind the firm in general. — The right to sign the joint name is implied, where the business of the partnership is commercial trading.  If a partner apply for a loan, and give a note in the partnership name, the firm is bound, though he use the money to pay his own debts.

3. Same — Presumption where firm name on negotiable paper. — Whenever the name of a commercial partnership is on negotiable paper, the firm is *prima facie* bound, and it devolves upon the member contesting his liability, to show the special facts that exonerate him.

4. Same — Liability of the firm for the acts of a member. — Partners in general commercial business only hold each other out to the world as competent to transact joint business, within the scope of the partnership, and each engages to be bound for the other only that far.

Error to the circuit court of Marion county.  Chandler, J.

The following instructions were asked for by the plaintiff and refused by the court :

1st. The court instructs the jury in behalf of plaintiff, that Ford, Atkinson and Warren are *principals*, so far as shown by the full face of the note ; and unless the defendant Atkinson has proven that the firm name was signed as.

surety for Ford, or that Warren borrowed the money on his separate individual account, the jury must find for the plaintiff.

2d. If the jury believe from the evidence that the firm name was signed as surety for Ford, and that it has not been proven that Lewis knew the firm name was signed only as surety, the jury must find for plaintiff.

3d. If the jury believe from the evidence that Warren fraudulently, and without authority, signed the firm name to the note, and that Lewis was ignorant of the fraud, at the time of loaning the money, the jury must find for plaintiff; the law being that where, under such circumstances, the partner or the creditor must suffer by the fraud, the partner must be the sufferer.

4th. Partners hold each other out to the world as honest and entitled to the confidence of the community.

5th. Merchants who are general partners have a right to borrow money for the use of the firm, and bind themselves by their firm note given for borrowed money.

The court gave the following instructions on behalf of defendant Atkinson :

1st. A partnership formed for buying and selling goods is not a partnership which authorizes one partner to. borrow money and sign the firm name, and the partnership is not bound unless it is shown that they received the money and used it in their business.

2d. One partner in a firm cannot bind the copartnership by signing the firm name as surety, unless by consent of all the partners, and if the jury believe from the evidence that the firm name to the note sued on was signed as surety, then, before Atkinson could be held to pay, his *consent* to the contract must be shown.

3d. If the jury believe, from the terms of the partnership, Warren was not authorized to borrow money for the firm, then, though he signed the firm name, Atkinson is not bound, and though they find against the other defendants, they should find a verdict in favor of Atkinson.

*B. Taylor*, for plaintiff in error.

It was distinctly laid down by this court, in case of Faler v. Jordan, admr., 44 Miss. : " In describing the authority of a partner, the jurists generally say, that each is the *agent* of the *others*, or rather of the *firm*, for all purposes within the limits of its business.  Story on Part., § 216. In Hawken v. Bourne, 8 W. & M. 703, Parke, B., very clearly states it thus : " One partner, by virtue of that relation, is constituted a general agent for another, as to all matters within the scope of the partnership dealings, and has communicated to him, by virtue of that relation, all authorities necessary for carrying on the partnership, and all such as are usually exercised by partners in that business in which they are engaged."  In Winship v. Bank of United States, Marshal, C. J., said : " A partner has power to transact the whole business of the firm, and consequently to bind his partners in such transactions as entirely as himself.  When a partnership is formed for a particular purpose, it is understood to be in itself a grant of power to the acting members to transact its business in the usual way."

Parsons, in his treatise on this subject, observes, with an accurate conception of the legal idea : " The individual partner, when conducting the affairs of the partnership, is *not acting for himself*, because of his own interest, and then for the rest by their authority, but as acting for and representing the ' commercial personalty.' "

" If a partner engages in a transaction outside of its usual business, the acts and declarations of one partner, with respect to it, are of the same form, as acts and declarations in the course of its ordinary business.  Sandilands v. Marsh, 2 B. & Ald. 673.  One member of a commercial firm such as this of Faler & M'Laurin, may buy and sell, may transfer and assign, either in pledge or by mortgage, the partnership effects in the name of the firm."

" He may also bind the firm by borrowing money. Winship v. Bank U. States, 5 Pet. 529 ; Whittaker v.

Brown, 16 Wend. 505. Nor does it matter whether the individual partner waste or misapply the money. Onondaga Co. Bank v. Depuy, 17 ib. 47. The power of each partner to put the name of the firm to negotiable paper is so essential to the conducting of its business, that it is implied from the very existence of the firm, and stipulations among the members restricting the right to one or more will not affect third parties without notice. Winship v. Bank of U. States, 5 Pet. 529 ; Bank of Kentucky v. Brocking, 2 Litt. 41.

Persons thus dealing with an individual partner are not required to inquire whether he is restricted by the partnership articles. In the absence of knowledge to the contrary, they have the right to presume that he has the power. Le Roy v. Johnson, 2 Pet. 186–197; Cowsy v. Baker, 7 Harr. (N. J.) 28.

Whenever the partnership name appears on commercial paper, the firm is *prima facie* bound, and the *onus* is on the firm, and each member, to show that it or he is not liable.

Applying these principles just laid down by this court in case of Faler v. Jordan, admr., to the case at bar, it settles the question or rather proposition, that it was incumbent on Atkinson to prove that Lewis, the payee in the note, knew that the firm name was signed as surety for Ford, and therefore the second instruction asked for by the plaintiff was erroneously refused ; it was error to refuse the third instruction for the same reason, and it was equally erroneous to refuse the fourth and fifth instructions asked for by plaintiff.

The declaration shows they were merchants and partners. Atkinson himself testified they were *general* partners, no articles of limited partnership between them, no written or printed articles of partnership, hence they were, as he states, general merchants and partners, hence Lewis, who loaned the money, had a right to presume the statements in the note,

that the makers of the note borrowed the money jointly and severally, was true.

The testimony of Atkinson, that the firm had no need to borrow money, is not proof that Warren did not borrow the money for the use of the firm.

In the case of Faler v. Jordan, supra, which case was precisely similar to the one at bar in the main point as to the liability of a partner on a contract made in the firm name by a copartner, this court holds that it is incumbent on defendant to prove that the payee knew the firm name was signed by one of the firm without authority; and the *onus* of proof of this knowledge is on the defendant, copartner, sought to be charged.

*J. B. Chrisman,* for defendants in error.

The case at bar differs from the case of Faler v. Jordan in these particulars: In that case, one partner borrowed money, representing it was for the firm; the other partner proved the representation was false, and the court held him bound by it, nevertheless. But here, the partner who signed the firm name made no such representation, but he signed the firm name as surety, without the knowledge or consent of his copartner. In this case, it was shown the firm never borrowed money; its business was to loan. In the other, there was no such proof. The scope of the decision in Faler v. Jordan is, that a firm is bound by the acts of the partner within the usual business of the firm. But, in this case, it has not been shown that going security was part of the business of the firm.

The court must be convinced from the evidence in this case, as the jury was, that the money was loaned to Ford, and that Warren signed the partnership name as surety.

Can one partner, without the consent of the other partner, bind the firm as surety for a stranger? I maintain that the following authorities, among others, clearly establish that he cannot. Story on Part. 127; Laverty v. Burr, 1 Wend. 129, 531; 1 Am. Lead. Cas. (4th ed). 455; Butterfield v. Helmsley,

12 Gray, 226 ; Dole v. Halsey, 16 Johns. 34 ; Foot v. Sabin, 19 ib. 154 ; See, also, 14 Wend. 146 ; 15 ib. 364.

I am aware that cases may be cited where the principle is held, that one partner of a commercial firm possesses the power of signing and indorsing commercial paper. But even in these exceptional cases where it can be shown, that, notwithstanding the form of the instrument, the transaction was not within the scope of the partnership business, the assent of the other partners must be shown or they are not bound. See Livingston v. Roosevelt, 4 Johns. 251.

But there can be no pretense that this is *commercial paper*. It is a loan by the county. It is sued for by the president of the board of supervisors of Marion county. The partner sought to be charged denies that the money was borrowed for the firm. There is no proof as in Faler v. Jordan, the partner signing represented that the money was procured for the firm, and in such case the *onus probandi* to establish it as a debt against the firm is clearly on the creditor, and the following cases establish the proposition. Livingston v. Hastie, 2 Caines, 246 ; Lansing v. Gaine, 2 Johns. 300, and case above cited in 4 ib. 251.

SIMRALL, J. :

Suit was brought by W. A. Sylverstein, president of board of supervisors, against Eliza Ford, executrix of J. W. Ford, deceased, and Atkinson and Warren, members of the firm of Jesse Warren & Co.

Clinton Atkinson pleaded the general issue, sworn to, which, under our practice, is the equivalent of the plea of *non est factum*. The evidence was in substance that Jesse Warren signed the firm name to the note. The partnership had no need to borrow money ; that Atkinson had no knowledge of the note, and, upon inspection of the books, it no where appeared to have entered into the business. The universal custom in Marion county was for the principal to sign the note first. From the fact that the name of Ford appeared first on the note, witnesses inferred that Jesse

Warren & Co. were sureties, but had no knowledge other than from this circumstance. Jesse Warren & Co. were merchants at Columbia, engaged in buying and selling goods and merchandise.

The contestation in the court below, arising on this testimony was, whether Warren signed the partnership name as surety for Ford. The note purports to have been given for a loan of the three per cent fund, and in terms is joint and several. On the face of the paper, all are principals. It is not controverted, that one member of a commercial partnership has not implied authority to sign the joint name as surety for third persons, unless the partnership agreement permits it. If it were true, then, that Warren signed the joint name to this note as surety for Ford, he imposed no liability on his copartner, Atkinson. The inference deduced by the witnesses, that Jesse Warren & Co. were sureties for Ford, because the custom was universal for the principal to sign first, would be entitled to very grave consideration and weight, if it were universally true, also, in Marion county, for no other maker of the note to be interested in the consideration, or to be a principal, except the person who first signs the paper. It is not an unusual thing for two or more (not partners) to be jointly interested in the purchase of property, or in the borrowing of money, and to sign their names to the obligation to pay. And it would be wholly immaterial as to the order of their signing. One partner has a right to borrow money (Winship v. Bank of United States, 5 Pet. 527); nor is it any concern of the lender what he does with it, whether he waste or misapply it. If he apply for a loan for the partnership, and give a note in the firm name, the partnership is bound, though he use it in paying his personal debt. Onondaga County Bank v. Depuy, 17 Wend. 47. The right to sign the joint name to commercial paper is implied, where the business of the partnership is commercial trading. Jordan v. Faler, 44 Miss., and cases there cited. Whenever the name of a commercial partner-

ship is upon negotiable paper, the firm is *prima facie* bound, and it devolves upon the member contesting his liability to show the special facts that exonerate him. In this case, Atkinson is presumptively responsible. He can only relieve himself by establishing the proposition, that Warren used the joint name as surety for Ford. The fact that Warren did not place the money in the business, or the other circumstance that Ford was first signer of the note, does not make good the proposition. Warren, his copartner, was served with process, and his testimony was accessible to Atkinson. He could have explained fully the transaction. Why was he not made a witness?

The several instructions prayed by the plaintiff accord with our views of the law, and should have been given, except, perhaps, the fourth, which has no application, and would in no manner aid the jury in reaching a correct conclusion. Partners in general commercial business, only hold each other out to the world, as competent to transact joint business, within the scope of the partnership, and each engages to be bound for the other that far. The first, second and third instructions granted for the defendants are incorrect expositions of the law of the case, and misled the jury.

Judgment reversed, and cause remanded for a new trial.