Daniel Pickels, Use, etc. v. W. W. McPherson.

PARTNERSHIP. *Liability of firm for partner's acts.*

If a member of a commercial firm receives from a partnership debtor a note of a stranger, which he receipts for in the firm name, and agrees in the receipt to collect, and, after paying the debt, to return the proceeds to the debtor, this does not bind his partners who have no notice of the transaction, although he applies the proceeds to firm debts.

APPEAL from the Circuit Court of Itawamba County.

Hon. J. A. GREEN, Judge.

*Newnan Cayce,* for the appellant.

As the appellee received the benefit of the note in the payment of firm debts for which he was liable, he should refund the money collected, according to the terms of the partnership receipt.

*J. L. Finley,* for the appellee.

Without notice of his partner's transaction, the appellee is not liable for the money, because the business of the firm was not to collect debts due to their customers.

CHALMERS, C. J., delivered the opinion of the court.

Plaintiff's usee, being indebted to the firm of McDonald & McPherson to the amount of a few dollars only, delivered to McDonald of said firm a note for seventy-five dollars on one Gattlin, with instructions to collect the same, and, after applying the proceeds to the payment of the small sum due by him, to hold the balance for him or place it to his credit. McDonald executed to him a receipt for the note delivered, in the firm name, by which he stipulated to collect and account for it. The note was collected, and the proceeds used by McDonald in paying off some firm debts, except the small amount applied to the payment of the account due by the owner of the note. This suit is against the other partner, McPherson, to hold him liable for the amount collected and applied to the uses of the firm. It is admitted that he had no knowledge of the transaction in any of its features, and the court therefore charged that he was not liable ; and this ruling of the court is assigned for error.

It is admitted that the collection of notes and accounts for other persons does not fall within the scope of a commercial partnership, and that the act of one partner in undertaking and making such collections does not bind his firm ; but it is insisted that the firm is bound by the appropriation of the money collected to partnership purposes. But the law is well settled to the contrary. Though the lender of money may know that it is to be applied to firm purposes, yet if the credit is extended to the individual partner procuring the loan, its

application to the firm business gives the lender no claim against the firm. *A fortiori* must this be so, where the liability of the individual partner is incurred in some transaction outside of the scope of the firm business, and in a matter in which he had no power to bind his copartners without their assent. *Jaques* v. *Marquand*, 6 Cowen, 497 ; *Ex parte Hunter*, 1 Atk. 223 ; *Salem Bank* v. *Thomas*, 47 N. Y. 15 ; *Peterson* v. *Roach*, 32 Ohio St. 374 ; *Union Bank* v. *Day*, 12 Heisk. 413. The reception of the note for collection in this case was the act of McDonald alone, and the signing of the receipt in the firm name was unauthorized and imposed no liability on the firm. He was the individual agent of the owner of the note, his application of the proceeds of the collection to firm purposes was a conversion on his part, and the same having taken place without the knowledge or consent of his copartner it imposed no liability on the latter.

*Affirmed.*