## I. N. GILRUTH *v.* KATE DECELL.

TRUST-FUND. *Misapplication. Partnership.*

The use by one partner of a trust-fund in paying in his share of the capital of the partnership, without participation or knowledge of his co-partner, does not create a trust on the firm assets in favor of the *cestui que trust.* In such case knowledge of the guilty partner is not the knowledge of the firm. *Pickels* v. *McPherson,* 59 Miss., 216. So held in this case, in which there was no effort to reach merely the interest of the guilty partner.

FROM the chancery court of Yazoo county.

HON. H. C. CONN, Chancellor.

Appellee, Kate Decell, widow of T. F. Decell, filed this bill against I. N. Gilruth, as surviving partner of Gilruth & Decell, a firm composed of her husband and the defendant. The bill alleges that complainant was the owner of $1,600 realized from the sale of her separate property, and on deposit, to her credit, in the Capital State Bank of Jackson; that her husband withdrew the money from the bank, having forged her name to a check for that purpose; that she remained ignorant of the trans-

action for some months thereafter, when, having learned of it, she separated from her husband, who was shortly afterwards killed in an encounter with her brothers; that the $1,600 thus obtained by her husband was deposited to his own credit in a bank in Yazoo City, and $500 thereof was paid into the firm of Gilruth & Decell as part of his subscription to the capital of the firm; that said sum, together with the other assets of the firm, on the death of her husband, passed into the hands of Gilruth, as surviving partner; that the conversion of said funds by her husband was a fraud upon complainant, and constituted her husband a trustee *ex maleficio;* and that the firm assets, with which this fund had been commingled, became subject to a charge in her favor, in preference to all other claims against the firm.    The bill prays that the trust be established and enforced against the said assets.

Demurrer to the bill sustained.    Complainant appeals.

*Barnett & Thompson,* for appellant.

The bill does not aver that Gilruth had knowledge of the source whence the $500 came.    The burden was on complainant to show this, and, in the absence of such allegation, Gilruth must be treated as a *bona fide* purchaser for value.    *Atkinson* v. *Greaves,* 70 Miss., 42.    But, in any event, the fund cannot, under the circumstances, be followed into the assets.    Bates on Partnerships, Secs. 481, 486; *Pickels* v. *McPherson,* 59 Miss., 216.    If the purpose of the bill had been to reach the individual property of Decell, his administrator was a necessary party. *Robertshaw* v. *Hanway,* 52 Miss., 713.

*E. E. Baldwin,* for appellee.

One who has obtained another's property by fraud is a trustee *ex maleficio* of the thing while in his manual possession. *Christy* v. *Sill,* 95 Pa., 380; Bispham's Equity, § 91.    Once a trustee, the relation continues until the trust is settled; lapse of time or silence of the *cestui que trust* cannot alter the

relation.　This case is covered by the principles laid down in *McLeod* v. *Bank*, 42 Miss., 99.　See, also, *Oliver* v. *Piatt*, 3 How. (U. S.), 333.

Gilruth cannot claim to be a purchaser without notice. Decell was the managing partner, and notice to one partner is notice to the other.　17 Am. & Eng. Enc. L., 1080.

Argued orally by *E. E. Baldwin*, for appellee.

WHITFIELD, J., delivered the opinion of the court.

It is not alleged in the bill that Gilruth actually participated in the fraud by which Decell converted the trust-fund to his own use, and afterwards paid it into the firm in payment of the balance of his subscription to its capital stock; nor that he had any actual knowledge of anything done by Decell in connection therewith.　The acts and doings of Decell throughout were wholly outside the scope of the partnership business. Under these circumstances, whilst there may be some cases to the contrary—as 68 Ala., 382, and 31 Ga., 362—it is well settled in Mississippi (*Pickels* v. *McPherson*, 59 Miss., 216), and generally, that a bill cannot be maintained against the firm to recover from it the trust-fund thus put, by the guilty partner, without participation or knowledge on the part of the others, into the assets of the firm.　Knowledge of the guilty partner in such case is not the knowledge of the firm.　Liability of the other partners in such case, if it exist, must grow out of participation as joint wrongdoers in the fraud, and not out of the fact that they are partners, or their liability as partners. Bates on Partnership, section 481; *Evans* v. *Bidleman*, 3 Cal., 435; Lindley on Partnership, vol. 1, star pages 142–3.　Jessel, M. R., thus emphatically puts it, in *Williamson* v. *Barbour*, 9 Ch. Div., 529: "When we come to a question of fraud, different considerations arise.　It is not true that the knowledge of a fraud by a partner is necessarily the knowledge of the firm.　A very obvious instance may be shown, and it is best

shown by an example.    Suppose there is a firm with half a dozen partners, who have a clerk, and the clerk has been in the habit of receiving presents from one of the sellers to the firm, in order to pass goods of short weight, and, further, suppose that the clerk, not having been found out, is taken into partnership as a junior partner, and continues the practice.    Is it to be imagined, under these circumstances, that, in a court of equity, the other partners could not sue the vendor of the goods for the fraud, and not only sue him, but their partner also ?    I emphatically deny that any such doctrine could, by any possibility, be laid down by any judge, and I need not say it never has been laid down.    Of course, fraud must be an exception. I put the case of a clerk knowing it before he became a partner, and not interfering with it afterwards.    But it is immaterial that the knowledge was acquired during the partnership.    .    . It appears to me that that kind of notice will not do, when it is applied to cases of fraud.''    And says Mr. Lindley: ''If one partner is a trustee, and he improperly employs the trust-funds in the partnership business, his knowledge that he is so doing is not imputable to the firm, and therefore to affect the other partners with a breach of trust, further evidence must be adduced.''

It is not within the scope of the bill to subject Decell's interest in the partnership assets.    Besides, his administrator is not a party.    *Robertshaw* v. *Hanway*, 52 Miss., 713, 717.

*The decree is reversed, demurrer sustained and bill dismissed.*