J. W. PERSONS *v.* JOHN F. OLDFIELD.

[57 South. 417.]

1. PARTNERSHIP. *Agency. Liability. Foreign judgments. Commercial paper.*

The authority of one partner to bind his copartner is placed solely upon the ground of agency and one partner can bind the other only within the scope of his agency.

2. PARTNERSHIP. *Commercial paper. Burden of proof.*

While it is true that when the firm's name is found upon commercial paper, *prima facie* the firm is bound, yet this casts upon the party attempting to escape liability only the burden of showing that the party signing the name of the firm had no power to do so.

3. PARTNERSHIP. *Unauthorized act of partner.*

Where a partner without authority from his co-partner signs the partnership name as surety for another, the co-partner having

received no benefit from the transaction, and it being foreign to the firm's business, the co-partner is not bound, even though the obligee was ignorant of the partner's want of authority.

4. PARTNERSHIP. *Foreign judgment. Effect.*

A judgment recovered in another state against a partnership only binds the individual member of the firm upon whom process is served and the partnership property of the firm in the other state.

APPEAL from the chancery court of Hinds county.

HON. G. G. LYELL, Chancellor.

Suit by John F. Oldfield against J. W. Persons. From a decree for complainant, defendant appeals.

The appellant, who is a resident of Jackson, Hinds county, Miss., was engaged as a partner in the lumber business with Charles C. Ruggles; the domicile of the partnership being at Mobile, Ala., and the style of the firm being Charles C. Ruggles & Co. Oldfield, a resident of Baltimore, Md., having an order from Adams Bros., a firm in Rankin county, Miss., for certain material, amounting to five hundred dollars, was referred by Adams to Charles C. Ruggles & Co. Oldfield then wrote to Chas. C. Ruggles & Co., at Mobile, to know if that company would assume responsibility for the payment in cash of one-half of the account of Adams Bros. to Oldfield, and if Chas. C. Ruggles & Co. would indorse Adams Bros.' note for the balance. Persons knew nothing of this transaction; but Ruggles, acting without authority from Persons, wrote to Oldfield as follows." "We assume responsibility of the two hundred and fifty dollars cash payment written you by Adams Bros., of Rankin county, Miss., and in accordance with the terms as outlined in your letter." Adams Bros. became insolvent and did not make a cash payment. Oldfield presented the Adams notes for the deferred payments to Chas. C. Ruggles, and demanded that they be signed and the cash payment of two hundred and fifty dollars be made. Both demands were refused. These

facts were embodied in a bill in chancery. Persons, answering, denied knowledge of the transaction, also denying authority of his partner to act for the partnership and bind it for the debts of Adams as being an act beyond the scope of the partnership business. The bill of the complainant also set up the fact that a judgment had been obtained in Mobile county, Ala., against both Ruggles and Persons; but it was shown that service had never been obtained on Persons. There was a decree for the complainant against Persons for the whole amount, from which comes this appeal.

*Flowers, Alexander & Whitfield,* for appellant.

We contend as follows:

1. The Mobile judgment in nowise made Persons responsible or liable.

2. Under the facts (looking into the merits) the action of the one partner, Ruggles, in attempting to make the partnership a surety or guarantor of Adams Bros.' debt, was an act without the scope of the pertnership business.

Discussing the foregoing seriatim:

The Mobile judgment in no wise made Persons liable to the appellee, Oldfield. The court must look at the abstract of proceedings in the Alabama court, which are a part of this record. We find that Oldfield, in the Alabama court, instituted suit at Mobile. But against whom. Against "Charles C. Ruggles & Co. composed of Charles C. Ruggles." We quote this from the declaration in such Alabama court, page 17 of the record. The declaration there refers to "the defendant," and not to defendants. The judgment of the Alabama court speaks of "the defendant (singular form). All this time Persons was in Mississippi. He absolutely did not know of the proceedings. Ruggles lived in Mobile, and Ruggles accepted service. Ruggles in fact was a bad egg all around. The acceptance of service could bind

only the partner, Ruggles, and the assets of the partnership, and could not bind Persons so as to make Persons personally responsible for the Alabama judgment. Hence the chancellor of the court below was correct when he sustained our first demurrer to the chancery bill of Oldfield, thereby in effect holding that as to any issue based on the default Alabama judgment Persons could not be held personally liable on that alone. We see no necessity for citing authorities as to this.

As to our second contention. We say that the acts of Ruggles (the other partner), were without the scope of the partnership, hence Persons cannot be held liable to Oldfield.

We insist that *Sylverstein* v. *Atkinson,* 45 Miss. 81, applies. It says that a member of a commercial partnership cannot use the firm name as surety for third persons, and make the other partner liable. And see *Pickels* v. *McPherson,* 59 Miss. 216. And see generally decisions, pp. 901, 902, B. & A. digest.

*J. H. Thompson* for appellee.

Counsel for appellant seemingly confuses the character of evidence with the question of substantive rights. Had the firm of Charles C. Ruggles & Company paid Oldfield five hundred dollars in cash for the outfit and turned it over to Adams Brothers as an advance payment for the output of Adams Brothers mill, it could not be claimed that this was without the scope of the partnership business. Ruggles had a perfect right to pay for lumber with property as well as with money. He had a perfect right to pay cash. Assuming that this statement is correct, did not the right to pay in cash carry with it the right to pay in installments evidenced by notes of the parties so desired? Counsel for appellee practically admits that the judgment should be affirmed as to the two hundred and fifty dollars, cash payment contemplated but, because the deferred payments were

to be evidenced by endorsed notes, counsel for appellee conceives that this whole transaction is based on an accommodation endorsement and has treated the evidence of the deferred payments as changing the legal status of the whole transaction.

The court will note that the transaction involved in no sense an accommodation endorsement. The firm of Charles C. Ruggles & Co., managed by Charles C. Ruggles, with the consent of the other partner and permitted to carry on the business free of restrictions, undertook to secure the lumber to be manufactured by Adams Bros. and, instead of paying them money in advance for the lumber, it enabled them to obtain the drying outfit from Mr. Oldfield by agreeing to pay Oldfield, and Oldfield parted with his property wholly and solely because of the agreement entered into by the firm of Charles C. Ruggles & Co. No benefit was contemplated except to the partnership, a trading partnership—which had the right to draw and accept bills of exchange in relation to and in furtherance of the partnership business; and the formation of the partnership, and its existence, carries with it the communication of power to each member to transact the business of the firm and bind each partner accordingly.

The syllabus in the case of *Bloom* v. *Helm,* 53 Miss. 21, it is submitted, correctly announces the law. The syllabus is as follows:

"An accommodation acceptance by one member of a firm in the partnership name, without the authority or consent of his co-partner, is not binding on the latter, in the hands of a holder, who took it with notice that it was purely an accommodation acceptance, and not given in furtherance of the business of the firm, but for the private use of a stranger, the drawer of the bill."

The court will observe that the bill sets out the merits of the transaction, as well as the rendition of a judgment in the State of Alabama, and embraced what may

be called two separate counts. The learned chancellor who decided this case stated that he thought complain-·ant entitled to a decree on the merits and he did not pass upon the question of *res adjudicata*. While it seems clear that the cause should be affirmed on the merits, still it may not be amiss to call the attention of this court to the laws of Alabama with reference to suits against partnerships. Section 2506 of the Code of Alabama of 1907 (which is a re-enactment of former statutes) is in the following words:

"Suits against partnership by firm name or against one partner.—Two or more persons associated ·together as partners in any business or pursuit, who transact business under a common name, whether it comprise the names of such persons or not, may be sued by their common name, and the summons in such case being served on one or more of the associates, the judgment in the action binds the joint property of all the associates in the same manner as if all had been named defendants, and been sued upon their joint liability, and served with process; any one or more of the associates, or his legal representative, may also be sued for the obligation of all."

The case of *Bowin* v. *Sutherlin,* 4 Ala. 278, holds: "Acceptance of a summons and complaint by one partner in the name of the partnership is equivalent to service on all in respect to their joint property."

McLEAN, J., delivered the opinion of the court.

The authority of one partner to bind his copartner is placed solely upon the ground of agency, and hence one can bind the other only within the scope of the agency. A partnership is organized to conduct the business for the benefit of its members, and it is foreign to its business to become surety for the members of the firm (unless this is the business in which the firm is engaged), or responsible for the debts of the individual

members of the firm. This is elementary. It is doubt-less true that, when the firm's name is found upon com-mercial paper, *prima facie* the firm is bound. *Faler* v. *Jordan,* 44 Miss. 288. But this casts upon the party attempting to escape liability only the burden of show-ing that the party signing the name of the firm had no power so to do.

It was held at an early date in this state that where one of two persons subscribes the partnership name to a note as surety for a third person, without the authority or consent of the other partnes, the latter is not bound, and it lies upon the plaintiff to prove the authority or consent of the other partner. *Andrews* v. *Planters' Bank,* 7 Smedes & M. 192, 45 Am. Dec. 300. And the rule has never been departed from. *Bloom* v. *Helm,* 53 Miss. 21. The same is true in Alabama, wherein it is held that one partner cannot bind his copartner by signing their names as sureties in a note, nor can he draw, indorse, guarantee, or accept in the firm name a note or bill of exchange for the benefit of a third per-son; and where it appears that he has thus used the part-nership name, it devolves upon the party who seeks to enforce such a security to show that the transaction was sanctioned by the inactive partner. *Lang* v. *Waring,* 17 Ala. 145. And it may be said that this is the law in all other states.

The suit in this case is not upon a piece of commercial paper; but the defendant is sought to be bound upon a letter, written by Ruggles on behalf of Ruggles & Co., of Mobile, Ala.; and the correspondence shows that Rug-gles & Co., became the mere surety of Adams Bros., with-out the knowledge or consent of Persons. Therefore, *prima facie,* the nonconsenting partner is not liable. It is sought to evade this by showing, first, that Oldfield was ignorant of the want of authority upon the part of Ruggles & Co:, to bind the absent partner; and, second, that there was a consideration moving between Adams

Bros. and Ruggles & Co., whereby the latter agreed to guarantee the payment of the debt.

There are two answers to the first contention, to-wit: It was Oldfield's duty to ascertain whether Ruggles & Co. had the authority to bind the individual members of the firm; and, second, Oldfield's good faith cannot supply the want of power of Ruggles & Co. to bind Persons.

As to the second proposition, it is sufficient to say that counsel have not cited us to, and we have been unable to find, any authority which holds that it is sufficient to bind the nonconsenting member of a partnership to show that the partnership, in consideration of becoming surety, expected to reap some benefit from the transaction. It is unnecessary for us to go to the length this court went in *Pickels* v. *McPherson,* 59 Miss. 216, to show that appellant is not liable. The partnership of Ruggles & Co. received no benefit whatever from this transaction, and becoming the surety of Adams Bros. was entirely foreign to the business in which Ruggles & Co. were engaged, and beyond the scope of the authority of Ruggles, either real or apparent, to bind the nonconsenting member of the firm.

We do not consider it at all material to decide whether the contract in this case is to be governed by the laws of this state or of Alabama, as the law of both jurisdictions is the same.

It is manifest that the judgment recovered in Alabama against Ruggles & Co. only bound the individual member of the firm upon whom service of process was had and the partnership property of the firm in Alabama.

*Reversed and remanded.*
*Suggestion of error filed and overruled.*