# CASES ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MISSISSIPPI

### AT THE

## OCTOBER TERM, 1914

---

LEATHERS *et al. v.* FRED O. HOWE & COMPANY.

[66 South. 280.]

JUSTICE OF THE PEACE. *Appeal. Judgment. Code* 1906, *section* 86.

> Under section 86, Code 1906, providing for trial of cases on appeal from a justice of the peace to the circuit court and providing that: "And any judgment against an appellant shall be rendered against the principal and his sureties jointly." Where there were two sureties on appeal bond and judgment was taken against only one, the judgment was void and the court should set the judgment aside and reinstate the case for hearing.

APPEAL from the circuit court of Harrison county.

HON. T. H. BARRETT, Judge.

Suit by Fred O. Howe & Company, against J. A. Leathers, and others, begun in a justice of the peace court and appealed to the circuit court by defendant. From a judgment in the circuit court for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. H. Mize,* for appellant.

We submit that the agreement of R. C. Cowan, as attorney for appellee with said J. A. Leathers, to release said Leathers and to take a judgment against Gause and Kellier jointly, was binding on said appellee, Fred O. Howe & Co. Cowan being its attorneys for all general purposes in connection with said suit. We think that this is settled by the law, as we contend. We cite as a · case in point, *Levy, Simon & Co.* v. *Isaac Brown et al.,* 56 Miss. 83. This is a case almost on all fours with the case at bar. In said case, the attorney, by agreement, released the obligors in an injunction bond from all liability thereon, for certain considerations; subsequently, the client, who had been represented by this attorney, brought suit against the obligors in the injunction bond. The court held that the agreement of the attorney was binding on the client, and that an attorney has unlimited authority in conducting the litigation of his client's case; and where a claim has been intrusted to him for collection, he may take all steps necessary to insure its collection, and has the power to control all legal process in the case, and to compromise or release all attachments or other liens which have accrued in the progress of the litigation, and do not belong to the original demand.

In the instant case, the original demand was against W. C. Gause. R. C. Cowan, attorney for Fred O. Howe & Company, did not release any rights whatever against W. C. Gause when he released J. A. Leathers from said appeal bond, but only released a party who had become bound by signing a bond in the progress of the litigation, and Cowan, in so doing, thought, as he testified he was acting for the best interest of his client. We cite also the case of *David Scarborough* v. *Harrison Naval Stores Co.,* 95 Miss. 497, in which the court said: "The act of an attorney, so far as proceedings in the case are concerned, are binding on his client." We cite further, as a case in point: *Union Bank of Georgetown* v. *Anna*

*Gary,* 5 Peters, 99; 8 U. S. Sup. Ct. Rep. (Law Ed.), 60. Also, 3 Am. & Eng. Ency. of Law, 345, 346, 347. At page 347, it is said: "The scope of the attorney's powers is governed largely by the object and purpose of his employment; when employed to collect a debt or other claim, he has an implied power to take all the usual and necessary steps to secure the end in view, whatever that may be, including the power to direct the issuance and levy of execution, to receive payment, and the right to the exclusive control of the conduct of the case in litigation; and further holds that his powers are larger and more extended than that of mere agency. We submit that under these authorities, the said R. C. Cowan had full power to release J. A. Leathers from said bond and to take judgment against W. C. Gause and T. J. B. Kellier jointly, if he thought it was for the best interest of his client so to do; and that his acts in that behalf were binding on his client, Fred O. Howe & Company and that, by said acts, J. A. Leathers was released from all liability as surety on said bond.

*McDonald & Marshall,* for appellee.

The judgment of the circuit court rendered against W. C. Gause, defendant, and T. J. B. Kellier, one of the sureties, and subsequently declared vacated and annulled by the court upon motion, is undoubtedly null and void. Since opposing counsel virtually concede this, there is no necessity of dwelling at length upon it. It may be well, however, to direct the court's attention to the language of section 86 of the Mississippi Code of 1906, providing for a trial in the circuit court of cases appealed from justice of the peace courts, where it is enacted that, "Any judgment against an appellant shall be rendered against the principal and his sureties (on the appeal bond) jointly." Obviously the statute is mandatory, and the judgment is not separable or severable in the circuit court. Even though this were not settled beyond cavil

by the express language of the statute, the obligation is in joint form and of joint effect; and a judgment rendered against the defendant (appellant) upon the bond, as the law requires, can be in joint form and jointly rendered only, against the principal and the sureties. The appellant (principal upon the appeal bond) and his sureties, are jointly liable to judgment in the circuit court; any judgment rendered against the appellant must be rendered jointly against him and those sureties. The judgment is an entirety.

The judgment, then, being necessarily, under the express mandate of the statute and the plain laws of procedure applicable to the case, an entirety, and capable of being rendered only in joint form and effect against the appellant and the sureties on his appeal bond, if the judgment rendered by the circuit court were void as to any one of the joint obligors, so liable to joint judgment under the statute and laws, it is void as to all, including the principal obligor, the appellant. In short, the judgment being capable of rendition in joint form and effect only, it must stand or fall as an entirety; if void as to one, it is void as to all the defendants. This position being unassailed by opposing counsel, the court's time need not be consumed by exhaustive citation of authority, or lengthy discussion. We respectfully ask the court's consideration of the following authorities, however, decision of our own supreme court, conclusive of the matter, we submit: In the case of *Demoss, et al.* v. *Camp,* 5 How. 516, an action was brought against the sheriff of Hinds county, and the sureties on his official bond, for failure to return a *fi. fa.*

Judgment was rendered upon the bond against the defendant (the principal obligor) and the sureties, no proper notice having been given to, or received by, the sureties. An appeal from the judgment was prosecuted to the high court of errors and appeals, and the judgment below was reversed as to all. Said Chief Justice SHAR-

KEY in delivering the opinion of the court: "Several other objections were made to the form and sufficiency of the notice served on Demoss, the sheriff and principal obligor on the bond. These, of course, need not be noticed, since the other parties were not notified at all and the judgment against them was erroneous. The judgment is against all the defendants, and cannot be severed. It must, therefore, be reversed, and the cause remanded." This decision is squarely in point, we submit, and though rendered in 1841, correctly voices the law of to-day. And see *Young.* v. *Pickens et al.,* 45 Miss. 553; *Weis* v. *Aron,* 75 Miss. 138.

The judgment first rendered being undoubtedly void as to Kellier, then "it follows as the night the day" that it is void and a nullity as to all, including the appellant from the justice court, the defendant Gause. Being an entirety, it stands or falls as an entirety; if void as to one it is void as to all, and all can even collaterally attack it, which could not be done were the judgment merely irregular and not absolutely null and void. See *Commenitz et al.* v. *Bank of Commerce, supra,* and especially we ask the court's attention once more to the case of *Weis* v. *Aaron,* 75 Miss. 38, wherein the supreme court held that a judgment on a bond, being void as to the surety, is void absolutely as to the principal, who is not precluded from asserting its nullity. The judgment rendered was null and void as to all parties and for all purposes. There was no judgment.

The judgment first rendered being null and void, the action of the circuit court in declaring it null and vacated upon motion at a subsequent term of court was eminently proper. A circuit court of Mississippi has inherent common-law power to, and should, vacate a void judgment upon motion, with proper showing, at a subsequent term. *Harper et al.* v. *Barnett et al.,* 16 So. 533; *Myer Brothers* v. *Whitehead,* 62 Miss. 387; *Alabama, etc., R. R. Co.* v. *Balding,* 69 Miss. 255; *Newman* v. *Taylor,* 69

Miss. 670; 23 Cyc. 913; 17 Am. & Eng. Ency. of Law (2 Ed.), ——, 23 Cyc. 899; 23 Cyc. 907; 17 Am. & Eng. Ency. of Law (2d Ed.), at page 827:

REED, J., delivered the opinion of the court.

This case originated in a justice of the peace court. Judgment was rendered there against the defendant. He appealed and gave bond with two sureties. In the circuit court, by agreement between the attorney for plaintiff and attorney for defendant, the name of one of the sureties on. the bond was erased and judgment was entered against the principal and the remaining surety. Execution was issued on this judgment, and levy was made on the property of the surety against whom judgment was rendered. He obtained an injunction from the chancery court, restraining further proceedings under the execution. Upon hearing, this injunction was made perpetual, the court deciding that the judgment was void as to the surety.

At a term of the circuit court subsequent to that at which the judgment was rendered in the case appealed, a motion was made by plaintiff to set aside, vacate, and annul the judgment rendered against the principal and the one surety, and reinstate the cause for trial. This motion was sustained. Thereupon the cause was again brought on for hearing, and judgment was rendered against the defendant and the two sureties on his appeal bond. From this judgment, this appeal was prosecuted.

We find in section 86 of the Code of 1906, providing for trial of cases on appeal from a justice of the peace to the circuit court, the following provision:

"And any judgment against an appellant shall be rendered against the principal and his sureties jointly."

There is in this a clear requirement of the statute that, when a judgment, on a trial of a case on appeal to the circuit court from a justice of the peace, is against the party appealing, it shall be rendered against him and

those who are on his appeal bond as sureties jointly. This was not done upon the first hearing of this case in the circuit court. The bond which was approved by the justice of the peace, and which brought the case by appeal into the circuit court, had on it two sureties, and judgment was taken only against one surety. The judgment then rendered was in violation of this requirement of the statute, and was void. It was therefore proper for the court to set the judgment aside and reinstate the case for hearing. This being done, and the judgment again going against appellant, principal in the bond and defendant in the justice of the peace court, such judgment was required by the statute to be rendered against appellant as principal and his sureties on his appeal bond jointly.

*Affirmed.*