## HELMER BROS. *v.* HASTINGS *et al.**

(Division A. March 29, 1926.)

[107 So. 551.   No. 25579.]

1. JUSTICES OF THE PEACE.
   Notwithstanding defective return on summons, the justice had juris-
   diction; defendants having appeared and defended.

2. JUSTICES OF THE PEACE. *Good return on writ of seizure summoning*
   *defendants to appear and defend held enough, though return on*
   *summons was defective.*
   Though return on summons, in action on laborer's lien on lumber,
   was defective, the justice had jurisdiction; there having been a
   good return on the writ of seizure summoning defendants to ap-
   pear and defend.

3. JUSTICES OF THE PEACE. *Judgment on appeal need not be against*
   *sureties as well as appellant (Hemingway's Code, section 66).*
   Under Hemingway's Code, section 66, judgment against appellant on
   appeal from justice need not be against his sureties also, but, if
   against one surety, must also be against the other.

*Corpus Juris-Cyc. References: Justices of the Peace, 35CJ, p. 581, n.
94; p. 587, n. 75; p. 892, n. 37.

APPEAL from circuit court of Wilkinson county.
HON. R. L. CORBAN, Judge.

Action by General Hastings against Helmer Bros. and
others.  From a judgment for plaintiff on appeal from
justice court, defendants Helmer Bros. appeal.  Affirmed.

*D. C. Bramlette,* for appellants.

Both the justice court and the circuit court were wholly
without jurisdiction of the person of appellants, and any
judgment rendered against them is utterly void.   The
following is the return on the summons issued for ap-
pellants in this case:   "Executed this the 26th of
June, 1924, M. L. Humphreys, Constable."   This does not

meet the requirement of the statute. Section 2933, Hemingway's Code.

The return on the summons in this case shows on its face that this mandatory statute was not complied with and its terms ignored. *Ford* v. *Coleman,* 41 Miss. 651; *French* v. *State,* 53 Miss. 651; *Leathers* v. *Howe & Co.,* 108 Miss. 1, 66 So. 280.

The case at bar shows that a mandatory provision of our statute was ignored and that judgment on appeal was rendered against only these appellants and not against the sureties, or either of them on the appeal bond.

*Tucker & Tucker,* for appellee.

I. Appellant declared that the court below erred in granting any judgment because it was wholly without jurisdiction of the person of appellants, as no service of process was had upon them as the laws directs. But this record conclusively shows that the justice court had jurisdiction of the person of appellants and that, therefore, the circuit court had jurisdiction of the person of appellants.

The appellants, Helmer Brothers, as shown by the record, appeared in the justice court. They had their day in the justice court, and there contested the case on its merits. An appearance cures all defects in the service of process. See *Stevens* v. *Richer,* 1 Howard, 522; *Young* v. *Rankin,* 4 Howard, 27; *Henderson* v. *Hamer,* 5 Howard, 525; *Graves* v. *Fulton,* 7 Howard, 592; *Wainwright* v. *Atkins,* 104 Miss. 438, 61 So. 454; *Fisher* v. *Mut. Life Ins. Co.,* 112 Miss. 30; *Carney* v. *Moore,* 130 Miss. 658; *Maloney & Co.* v. *Tatum,* 134 Miss. 714.

Where a court of limited jurisdiction has complete jurisdiction of the subject-matter and the person to render a judgment, the presumptions necessary to sustain the validity of the judgment arise. *City of Pascagoula* v. *Sharp,* 136 Miss. 756; *Root* v. *McFerrin,* 37 Miss. 17, 75 Am. Dec. 49; *Scott* v. *Porter,* 44 Miss. 364.

II. ·Appellant's next argument is that the court below erred in rendering judgment against appellants *in personam* and not against the sureties on the appeal bond. When the case reached the circuit court for some reason the appellants abandoned the case and left their sureties to hold the bag. The appellee Hastings secured judgment against the appellants, defendants below, and now appellants are estopped from declaring the judgment void or having same set aside because judgment was not taken against the sureties on the appeal bond.

The clause in section 86, Code of 1906 (section 66, Hemingway's Code), reading: "And any judgment against an appellant shall be rendered against the principal and his sureties jointly," is for the protection of the sureties.

In *Leathers et al.* v. *Fred O. Howe & Co.,* 108 Miss. 1, 66 So. 280, the name of one of the sureties had been erased from the appeal bond and a·double liability placed upon the other surety. This was not only in violation of the statute but in violation of every law on *principal and surety.*

The plaintiff, Hastings, appellee here, is the only one, except an officer seeking costs, who could object to the release of the sureties on the appeal bond. The appellants cannot object because they are first liable on execution for the amount of the judgment and liable on an execution to a surety who may have paid the judgment. The appellants are *estopped for inconsistency. Scanlon* v. *Walshe,* 81 Md. 118, 31 Atl. 498, 48 A. S. R. 488; *Norfolk, etc., R. Co.* v. *Consolidated Turnpike Co.,* 11 Va. 131, 68 S. W. 646; 2 R. C. L., p. 230, sec. 195; *Williams* v. *Bricknell,* 37 Miss. 682; 75 Am. Dec. 88; *Bridges* v. *Winters,* 42 Miss. 135, 97 Am. Dec. 443; and numerous other authorities under note of 2 R. C. L., p. 230, sec. 195, and under 1 Supp. R. C. L., p. 462, sec. 195. See, also, *Wainwright* v. *Atkins,* 104 Miss. 438, 61 So. 454; *Quin* v. *Alexander,* 125 Miss. 690, 88 So. 170.

McGOWEN, J., delivered the opinion of the court.

General Hastings filed his petition with a justice of the peace, alleging that he had a laborer's lien on certain lumber in the sum of seventy-one dollars and thirteen cents, due and owing to him by Helmer Bros.; Helmer Bros. being composed of Ross, Russell, and Eugene Helmer. The affidavit declared that he had a lien on the lumber described, and a writ of seizure was issued by the justice of the peace, directing the proper officer to seize the lumber and summon the Helmers, naming each of them, on a day named in the writ, to appear in that court, and the return of the sheriff was that the writ of seizure was served on each of the defendants, naming them, and in due time. Also the justice of the peace issued summons for the defendants returnable on the same day, and the return of the officer on that summons is as follows: "Executed this the 20th of June, 1924. M. L. Humphreys, Constable."

The record and judgment of the justice of the peace shows that the defendants appeared in the justice of the peace court, and filed a written plea; and the judgment conclusively shows that all of the defendants appeared in the cause and that the court heard "all of the evidence" and "all of the argument of counsel," and found for the plaintiff and rendered judgment in his favor for seventy-one dollars and thirteen cents, and condemned the lumber to be sold for the payment of the judgment; whereupon the three Helmers above named filed an appeal bond to the circuit court, which bond was signed by each of them and by Joseph Redhead and E. W. Graves as sureties.

The record was filed in the circuit court where the defendants Helmer Bros., a partnership composed of Ross Helmer, Russell Helmer, and Eugene Helmer, according to the judgment of the circuit court, failed to prosecute their appeal and wholly made default therein, and a judgment was rendered against them for the sum of seventy-

one dollars and thirteen cents, with interest and costs; no judgment being rendered against Redhead and Graves, who were sureties on the appeal bond.

The first objection urged for appellant is that the circuit court was without jurisdiction because the justice of the peace was without jurisdiction, for the reason that the return on the summons "executed" did not show that the defendants had been summoned as the law directs. There are two answers to this point: First, that the defendants, according to the record, appeared in the court of the justice of the peace and defended the cause: and, second, that there was a good and valid return made by the officer on the writ of seizure wherein the defendants were summoned to appear and defend the action.

Counsel next insists that the judgment of the circuit court is void because no judgment was entered by the circuit court against the sureties Redhead and Graves on the appeal bond by which the case was appealed to the circuit court. It is true that the circuit court only rendered a judgment against the defendants, who were appellants from the justice of the peace court, and counsel insist upon a literal application and construction of the statute authorizing appeals from the justice of the peace court and judgment upon the appeal bond given in such cases.

Section 66, Hemingway's Code, relating to the trial of cases appealed from the justice of the peace court, in part, provides:

"If the defendant be the appellant, and judgment be rendered for the plaintiff in the original suit for a sum equal to or greater than he recovered before the justice of the peace, ten *per centum* damages upon the amount thereof shall be included in such judgment; and any judgment against an appellant shall be rendered against the principal and his sureties jointly."

Counsel insists that the judgment is void because the court only rendered a judgment against the principal and did not render the judgment against either of the

sureties, and cites the case of *Leathers* v. *Howe & Co.,* 66 So. 280, 108 Miss. 1, wherein this court held (Judge REED being the organ of the court):

"A judgment against the appellant and only one of his two sureties is void, and may be vacated on subsequent motion, and the cause reinstated for hearing."

We think Judge REED intended that the emphasis should be placed upon the word "jointly" with reference to the sureties on the bond. We think the judgment was in appellant's favor when his sureties were not held liable. Of course, if an effort had been made to violate the mandate of the statute and hold one surety liable and release the other, the effort would be a vain one; but in this case the judgment, being upon a trial of the cause *de novo* in the circuit court, was a proper judgment, although the plaintiff was entitled to take judgment against the sureties jointly if he chose to do so, as he was likewise entitled to ten per cent. damages if he chose to impose the damages. But a waiver of a right or the failure to grant additional rights which plaintiff may have, all of which is favorable to the defendant, may not be successfully interposed to render null and void the judgment.

The judgment against the principal of the bond on an appeal from a justice of the peace court to the circuit court, ignoring the sureties, is valid and binding upon the principal, and, to the extent that his sureties are not held liable, is a judgment favorable to him.

We think the objections to the judgment in the court below are without merit.

*Affirmed.*