WOODRUFF *et al. v.* LILLIS.

(Division A. Nov. 18, 1935.)

[164 So. 225. No. 31853.]

E. M. Livingston, of Louisville, for appellants.

**Z. A. Brantley,** of Louisville, for appellants.

**R. W. Boydstun**, of Louisville, and **J. B. Hillman**, of Philadelphia, for appellee.

**McGowen, J.**, delivered the opinion of the court.

This case arose on a motion to vacate a judgment rendered in the circuit court of Neshoba county against E. L. Woodruff, individually, and S. D. Tyson & Co., as sureties on an appeal bond from a justice of the peace court. Earl Barmore instituted a replevin suit against Arthur Lillis for the possession of an automobile. The judgment of the justice of the peace was against Barmore. He desired to appeal therefrom, and the appeal appeared on its face to have been executed by Barmore as principal, E. L. Woodruff, Paul Chamberlain, individually, and S. D. Tyson & Co., as sureties on the appeal bond.

On November 3, 1930, the circuit court rendered a judgment against the principal and the above-named sureties on the appeal bond for the value of the automobile and

costs of the court as required by sections 64 and 67, Code of 1930. That judgment was enrolled in the circuit clerk's office in Neshoba county. Subsequently, on the 3d of November, 1932, the judgment was enrolled in the circuit clerk's office of Winston county showing enrollment against Earl Woodruff (not E. L. Woodruff), S. D. Tyson & Co., and others. In the original judgment, as well as in the enrollments thereof in the two counties, it does not appear who composed the partnership of S. D. Tyson & Co. This record shows that S. D. Tyson & Co. was a firm composed of Paul Chamberlain and E. L. Woodruff. Subsequent to the enrollment of the judgment in 1932, a garnishment was issued thereon naming a number of individuals as being indebted to E. L. Woodruff, and they were cited to appear and answer in the circuit court of Neshoba county. They answered admitting an indebtedness to E. L. Woodruff and paid the amount thereof to the clerk of the court.

Thereupon Wm. R. Moore Dry Goods Company entered its appearance in that court and filed a claimant's affidavit to the funds, by virtue of a written assignment executed by Woodruff in favor of said company subsequent to the enrollment of the judgment and prior to the service of the writ of garnishment. This appearance of Wm. R. Moore Dry Goods Company was voluntary—without process. Woodruff appeared in that court and moved to vacate the judgment on the ground that he did not sign the appeal bond and did not authorize anyone to sign his name thereto; that he was engaged in a mercantile business; that said bond was signed without his authority, knowledge, or consent, and the party so signing his name was acting without the scope of his authority. No point was made on the pleadings in this case, and oral evidence was offered on the motion. Upon the hearing the court declined to vacate the original judgment and dismissed the motion and the claim of Wm. R. Moore Dry Goods Company, it being recited in the judg-

ment that both issues were tried before the court by agreement of all parties.

The evidence is to the effect that Clay, who was a clerk of S. D. Tyson & Co., attended the justice of the peace court in Neshoba county at the time of the trial of the case of Barmore v. Lillis, and that he was trustee in a deed of trust executed by Barmore on personal property, including the automobile for which the replevin suit was instituted. It appears that Chamberlain was interested in assisting Barmore to recover the automobile. It is testified that the security which the firm had was ample without including the automobile. When Clay, in company with Barmore's lawyer, was about to leave the store, Chamberlain instructed him that if an appeal bond was necessary he should sign thereto the firm name of S. D. Tyson & Co. as surety on such bond. The evidence is clear, unequivocal, and undisputed that E. L. Woodruff did not authorize his name to be signed to an appeal bond in a judicial proceeding, that he did not know that same was signed, and that he in no manner authorized the signing of his name to the bond. It must be noted that the signing of the name of E. L. Woodruff to the appeal bond by Clay, without any authority whatever so to do, did not purport to name E. L. Woodruff as a member of the firm of S. D. Tyson & Co., nor was the judgment rendered against him as such member of said firm.

It is quite clear from this evidence that this judgment was rendered against E. L. Woodruff upon a bond which he had not signed, which he had not authorized to be signed for him, and of which he had no knowledge, nor had he consented to, nor acquiesced in the signing of his name to such bond. There is no dispute in the facts on that question, so that clearly on the individual signature there was no liability as against Woodruff, and judgment against him was procured without his knowledge and consent and without his ever having a day in court.

The question then presented is: The bond having been signed with the authority of Chamberlain, a member of the partnership, in the name of the partnership, was E. L. Woodruff bound thereby? We leave out of view the contention that the judgment against all of the other sureties would be void because the judgment against E. L. Woodruff, entered in accordance with sections 64 and 67, Code of 1930, is void. See Helmer Bros. v. Hastings, 142 Miss. 403, 107 So. 551; Leathers v. Fred O. Howe & Co., 108 Miss. 1, 66 So. 280.

We are of opinion that there was no valid judgment, and therefore no valid writ of garnishment in this case, as to E. L. Woodruff, for the reason that this record shows that the firm of S. D. Tyson & Co. was a mercantile partnership not engaged in the business of making surety bonds and Chamberlain, the managing partner, was without authority to bind Woodruff, his partner, unless authorized so to do by the scope of the partnership or by Woodruff.

The firm of S. D. Tyson & Co. was not a party to the litigation between Barmore and Lillis. In the case of Persons v. Oldfield, 101 Miss. 110, 57 So. 417, this court held that a nonconsenting member of a partnership is not bound by a copartner's unauthorized act in becoming surety for another, the other party having received no benefit from the transaction, and it being foreign to the firm business, even though the obligee was ignorant of the partnership's want of authority. The court further held that the power of one partner to bind his copartner is based solely upon the ground of agency, and one cannot bind the other except within the scope of agency.

There is no implied authority to sign the firm name as surety for third persons. See Sylverstein v. Atkinson, 45 Miss. 81; Andrews v. Planters' Bank, 7 Smedes & M. 192, 45 Am. Dec. 300. The burden is upon the party claiming as against such a partnership signature to show that the signature is authorized as to suretyship; the converse is true as to commercial paper. In the case of

Doe v. Tupper, 4 Smedes & M. 261, 43 Am. Dec. 483, this court plainly announced the rule applicable to this case in an opinion written by Judge SHARKEY, and which is well stated in the syllabi as follows:

"As a general rule, one partner cannot bind another by writing under seal.

"Judgment was obtained against S. and G. as partners; G. executed a forthcoming bond, and signed the partnership name thereto, which bond was forfeited. Held, that this bond was invalid as to S., and the statutory judgment equally invalid.

"S. and G. being partners, G. signed the partnership name to a forthcoming bond, which was forfeited, and the real estate of S. was levied on under an execution on the bond, and sold to T.; afterwards S. sued T. in ejectment for the land. Held, that the judgment against S. on the bond could be collaterally attached in this suit, and shown to be void for want of jurisdiction in the court to render it.

"As a general rule, it is too late to object to a forthcoming bond after the return term; but it is never too late for one who is not a party to it to object to its operating to charge him.

"Even if it be the law, that in judicial proceedings one partner may give a bond which will bind the firm, yet the rule cannot apply to a bond which is to become the foundation of a judgment, without further notice to the party who did not sign it.

"A bond signed by one partner in the partnership name is absolutely void, not merely voidable; and though such bond may become obligatory by the subsequent acquiescence of the party not signing it, that acquiescence is only evidence that the other partner had power to sign the joint name.

"Where one partner, without authority, signed the name of his copartner to a forthcoming bond, which is forfeited, the judgment thereon will not bind the party not signing it, even though he were a defendant in the

original judgment; nor will a sale of property of the party not signing the bond, under execution upon it, pass any title.''

The signature of the firm by Chamberlain or his agent to a judicial bond on which judgment would be rendered without process or notice is without the scope of the partnership, and Woodruff did not thereafter acquiesce therein.

The judgment of the court below should have been vacated; therefore the cause is reversed.

Reversed and remanded.