BECK *v.* KERSH.

In Banc. April 24, 1950.

No. 37448 (45 So. (2d) 730)

**L. P. Quinn,** for appellant.

**H. C. Stringer,** for appellee.

**Hall, J.**

Appellee brought suit and recovered judgment against appellant in a justice of the peace court in the sum of $65 for breach of warranty in the sale of an electric refrigerator, said amount being the purchase price thereof. An appeal was taken to the circuit court where appellant filed a motion to quash the process served upon him prior to the trial in the justice court. The action of the circuit court in overruling that motion is assigned as error. ■■ The judgment entered by the justice of the peace shows that both parties appeared, both offered evidence, and both argued the case before entry of judgment. In Helmer Bros. v. Hastings, 142 Miss. 403, 107 So. 551, it was held that where a party appeared in the justice court and defended on the merits he could not on appeal to the circuit court challenge the jurisdiction of the justice of the peace over his person because of any defect in the summons. We therefore find no merit in the first assignment.

■■ When the circuit court overruled appellant's motion to quash he declined to defend further, and, since he had never filed any kind of plea or denial, appellee moved for a judgment by default against him, which motion was sustained and judgment entered for the amount sued for without awarding a writ of inquiry and having a jury assess the amount of the damages. The second assignment is that the court erred in entering judgment without having the damages assessed by a jury.

Section 1547 of the Mississippi Code of 1942 provides, in part: ". . . And in all actions where the sum due does not so appear, and in all actions sounding in

damages, if the defendant do not plead, interlocutory judgments may be taken, on which writs of inquiry shall be awarded, which may be executed at the same term by the jurors attending court. . . .'' In Mississippi Central Railroad Co. v. Fort, 44 Miss. 423, 425, it was held that this statute applies in actions of tort and that it has no application to actions ex contractu where the amount of damages is definite and fixed. The suit here was for a breach of warranty, arising out of contract, and the amount involved was a definite and fixed sum. If appellee was entitled to recover anything at all, she was entitled to the amount sued for. It would have been a vain and idle gesture for the court to have awarded a writ of inquiry and impaneled a jury to determine the amount of the recovery. The assignment is therefore without merit.

Along with the submission of this case on the merits the appellee filed a motion to dismiss the appeal, which motion is overruled, and the judgment is affirmed.

Affirmed.

**Lee, J.**, took no part in the consideration or decision of this case.